No. 94,207

NATHANIEL L. SWENSON, *Appellant,* v. STATE OF KANSAS,
*Appellee.*

(162 P.3d 808)

Opinion filed July 27, 2007.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellant.

*Kristi L. Barton,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, and former attorney general, *Phill Kline,* and *Paul J. Morrison,* attorney general, were with her on the briefs for appellee.

*Jean Gilles Phillips, Elizabeth Seale Cateforis,* and *Alice C. White,* of University of Kansas School of Law, of Lawrence, were on the brief for *amicus curiae* The Paul E. Wilson Defender Project.

The opinion of the court was delivered by

LUCKERT, J.: This is an appeal from the denial of Nathaniel L. Swenson's pro se K.S.A. 60-1507 motion. The district court denied the motion in its entirety. On appeal, the Court of Appeals affirmed in part, reversed in part, and remanded with directions. *Swenson*

*v. State*, 35 Kan. App. 2d 709, 135 P.3d 157 (2006). Swenson sought and this court granted review on only three of the many issues on which the Court of Appeals affirmed the district court. Each of the issues on which review was granted raises a claim of ineffective assistance of counsel. Specifically, Swenson argues the Court of Appeals erred in holding that defendant was not denied effective assistance of counsel when counsel (1) filed a petition for review 1 day after the deadline for such a filing; (2) did not call Swenson's mother as a witness at trial; and (3) did not file a motion to arrest judgment because of a defective complaint.

We reverse the Court of Appeals and the district court on the first two issues, determining that the filing of a petition for review 1 day out-of-time is ineffective assistance of counsel on appeal and that the Court of Appeals incorrectly concluded that Swenson was required to submit an affidavit from his mother in order to sustain his burden of establishing that there is a substantial question requiring an evidentiary hearing on a K.S.A. 60-1507 motion. We affirm the Court of Appeals' and district court's conclusions that trial counsel was not ineffective for failing to file a motion to arrest judgment, because we conclude on the record that the complaint was not defective.

A brief recitation of the procedural background relating to the three issues is helpful. In November 1999, Swenson was charged with aggravated battery after Freddie Hooks, Jr., was shot multiple times and sustained life-threatening injuries during a September 1999 incident. The State later filed an amended complaint and information charging Swenson with attempted first-degree murder. The amended complaint did not include an aggravated battery charge and did not specifically include the element of premeditation in the attempted first-degree murder charge.

In 2000, a jury convicted Swenson of attempted first-degree murder, and he was sentenced to 203 months' imprisonment. Swenson's conviction was affirmed by the Court of Appeals in *State v. Swenson*, No. 86,397, unpublished opinion filed May 10, 2002. Swenson's appellate counsel failed to timely file a petition for review with this court. In a letter written to Swenson, Swenson's appellate counsel stated that although he had mailed the petition

for review within the 30-day filing period, it was not received for filing until 1 day after the filing period had expired. A motion to file a petition for review out of time was denied.

In March 2003, Swenson filed a pro se motion pursuant to K.S.A. 60-1507. Swenson's motion alleged numerous issues, several relating to trial error and several regarding ineffective assistance of trial and appellate counsel. The district court denied the K.S.A. 60-1507 motion after appointing counsel and holding a nonevidentiary hearing.

Swenson appealed to the Court of Appeals in *Swenson v. State*, 35 Kan. App. 2d 709, 135 P.3d 157 (2006), raising the same issues. The Court of Appeals panel affirmed the district court's denial of Swenson's K.S.A. 60-1507 motion and its decision to refrain from holding an evidentiary hearing on all but one issue. The one issue on which the Court of Appeals reversed the district court related to trial counsel's failure to call Robert Turner as a witness at trial. Swenson had raised the same issue relating to two additional witnesses: Swenson's mother and Swenson himself. The district court ruled that the decision not to call each of these witnesses—Turner, Swenson's mother, and Swenson—was a matter of trial strategy. The Court of Appeals affirmed the district court's ruling as to Swenson and his mother but reversed the ruling regarding Turner, finding that there was no indication in the record that counsel had attempted to interview Turner and concluding " 'defense counsel cannot make a strategic decision against pursuing a line of investigation when he or she has not yet obtained facts upon which that decision could be made.' [Citation omitted.]" *Swenson*, 35 Kan. App. 2d at 719.

In affirming the district court on the three issues before us, the Court of Appeals panel held that Swenson's right to effective assistance of counsel extended throughout the proceedings, including the claimed deficiencies at trial and when seeking review of the Court of Appeals' decision. Regarding the first issue, while Swenson could establish his counsel failed to file a timely petition for review, the panel concluded that he failed to meet the prejudice prong of the test for ineffective assistance of appellate counsel because he had not shown his petition would be granted. Second, the

panel held that by failing to present an affidavit of his mother, Swenson failed to establish a substantial issue of fact or law regarding whether trial counsel was ineffective for not investigating and utilizing evidence from his mother. Finally, the panel concluded there was nothing in the record to indicate that the defense was prejudiced by the omission of the premeditation element in the amended complaint and, therefore, on this issue as well, Swenson had not raised a substantial question regarding the prejudice prong of the test of ineffective assistance of counsel.

Additional facts relevant to the three issues before us will be discussed below.

## Standard of Review

In *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000), this court explained that there are three avenues of approach for the district court faced with a K.S.A. 60-1507 motion. First, the court may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief and summarily deny the movant's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Finally, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the movant. If the issue or issues are substantial, involving events in which the movant participated, the court must proceed with a hearing in the presence of the movant.

In this case, the district court followed the third avenue of approach by appointing counsel and conducting a preliminary hearing. After the preliminary hearing, the district court concluded that no substantial question of law or triable issues of fact had been raised and denied Swenson relief on his K.S.A. 60-1507 motion. The district court has discretion to ascertain whether the claim is

substantial before granting an evidentiary hearing and ordering the movant's presence at the hearing. *Gaudina v. State*, 278 Kan. 103, 107-08, 92 P.3d 574 (2004); Supreme Court Rule 183(h) (2006 Kan. Ct. R. Annot. 228).

Our review of whether there was a substantial issue warranting an evidentiary hearing focuses upon ineffective assistance of counsel claims. In cases dealing with claims alleging ineffective assistance of counsel, there are mixed questions of fact and law that sometimes require de novo review. See *State v. Mathis*, 281 Kan. 99, 110, 130 P.3d 14 (2006). Under a traditional analysis of ineffective assistance of counsel, before counsel's assistance is determined to be so defective as to require reversal of a conviction, the defendant must establish two things. First, the defendant must establish that counsel's performance was deficient, which requires a showing that counsel made errors so serious that his or her performance was less than that guaranteed to the defendant. Second, the defendant must establish that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Mathis*, 281 Kan. at 109-10; see *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 647, 104 S. Ct. 2052 (1984).

ISSUE 1: *Did the Court of Appeals Err in Holding that Appellate Counsel Provided Swenson with Effective Assistance of Counsel Even Though Counsel Failed to File a Timely Petition for Review in the Kansas Supreme Court?*

Swenson contends the Court of Appeals erred in rejecting his argument that appellate counsel was ineffective for failing to file a timely petition for review in the Kansas Supreme Court. The Court of Appeals panel concluded that, even if counsel had been deficient for failing to file a timely petition for review, counsel's conduct was not prejudicial and, therefore, did not constitute ineffective assistance of counsel. 35 Kan. App. 2d at 726-27.

The same issue was raised in another case heard on the same docket as Swenson's petition for review: *Kargus v. State*, 284 Kan. 625, 162 P.3d 818 (2007). In *Kargus*, we fully discussed the issue and concluded that an indigent defendant who has been convicted

of a felony and has appealed from that conviction has a statutory right to effective assistance of counsel when filing a petition for review. We further held that, under most circumstances, when an indigent defendant has been convicted of a felony and has requested that a petition for review be filed in the direct appeal, appellate counsel who fails to abide by that request and file a timely petition has performed in a manner that falls below an objective standard of reasonableness and effectively denies the defendant his or her statutory right to effective assistance of counsel.

In *Kargus*, we remanded for proceedings to determine whether the defendant requested his counsel to file a petition for review. Here, it is apparent there was no waiver of the right to file a petition for review; counsel attempted to file the petition but did so 1 day after the jurisdictional time limit. See K.S.A. 20-3018(b) (petition for review must be filed within 30 days of the decision of the Court of Appeals); Supreme Court Rule 8.03 (2006 Kan. Ct. R. Annot. 62) (30-day time period for petition for review is jurisdictional). In *State v. Phinney*, 280 Kan. 394, Syl. ¶ 7, 122 P.3d 356 (2005), we held that remand to the district court is unnecessary where the record on appeal is factually and legally sufficient to support a determination that an *Ortiz* exception applies. In this case, where appellate counsel attempted to file a petition but did so 1 day late, the record allows us to conclude without remand that Swenson was denied effective assistance of counsel.

Finally, we held in *Kargus* that, if a petition was not timely filed and Kargus did not knowingly and intelligently waive the right to file the petition, Kargus' counsel could file a petition for review out of time. Although we do not determine whether this relief is available to other defendants, we conclude it is available to Kargus and Swenson. See *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 258, 548 N.W.2d 45 (1996). Therefore, counsel for Swenson will be allowed to file a petition for review within 30 days of the mandate in this case.

ISSUE 2: *Did the Court of Appeals Err in Holding Trial Counsel Provided Effective Assistance of Counsel Even Though Counsel Failed to Investigate Defendant's Mother as a Potential Witness?*

Next, Swenson contends his trial attorney was ineffective for failing to utilize evidence from his family regarding allegedly untrue statements made by Hooks to law enforcement. Swenson contends that his trial counsel should have investigated Swenson's mother as a potential defense witness. At trial, Deputy Ann Marie Wenzel testified that Hooks showed her an affidavit given to him that he was supposed to sign and have notarized. According to Wenzel, Hooks was supposed to swear in the affidavit that Swenson was not a suspect in the case. Hooks was then supposed to send the affidavit to Lily Jackson at 2255 North Roosevelt in Wichita, Kansas. Hooks told Wenzel that Jackson was Swenson's grandmother. A note attached to the affidavit instructed Hooks that he would receive $500 after signing the affidavit, having it notarized, and sending it to the Roosevelt address. Hooks was to receive another $500 upon "my," *i.e.*, Swenson's, release. Hooks did not follow through with this affidavit.

In his K.S.A. 60-1507 motion, Swenson argued that his mother would have testified that neither does he have a grandmother named Lily Jackson nor does he have a grandmother living in Wichita. Swenson contended that Hooks was putting together a plan to "frame" Swenson.

The district court, in denying Swenson's K.S.A. 60-1507 motion at the nonevidentiary hearing, did not differentiate between three witnesses discussed in Swenson's motion—Turner, Swenson's mother, and Swenson himself. The district court made a blanket finding that trial counsel's failure to call the witnesses was a matter of trial strategy. The Court of Appeals panel, on the other hand, discussed each witness separately and applied different rationales to its decision regarding each witness. With regard to Swenson's mother, the Court of Appeals concluded:

"Swenson fails to provide any supporting affidavit from his mother showing that this would have been her testimony. Swenson had the burden to prove his 60-1507 motion warranted an evidentiary hearing by including facts and evidence to support his motion. Without such evidence, Swenson has failed to establish that his counsel was ineffective in this regard." *Swenson*, 35 Kan. App. 2d at 721-22.

Swenson argues the Court of Appeals inappropriately imposed a burden on him to provide an affidavit from his mother with his petition. We agree.

Granted, a movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. See *Sullivan v. State,* 222 Kan. 222, 223, 564 P.2d 455 (1977). However, in stating the evidentiary basis, the K.S.A. 60-1507 motion must merely "set forth a factual background, names of witnesses or other sources of evidence to demonstrate that petitioner is entitled to relief." 222 Kan. at 223-24. Consistent with this statement from *Sullivan,* the form approved by this court for K.S.A. 60-1507 motions, in effect at the time Swenson filed his motion, required: "State concisely all grounds on which you base your allegation that you are being held in custody unlawfully" and "[s]tate concisely and in the same order the facts which support each of the grounds set out . . . and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts." Supreme Court Rule 183, Appendix (2003 Kan. Ct. R. Annot. 215-16). Thus, the rule does not require affidavits. Rather, this court has held it is error to deny a K.S.A. 60-1507 motion without a hearing where the motion alleges facts which do not appear in the original record but which, if true, would entitle the movant to relief, and the motion identifies readily available witnesses whose testimony would support such facts or other sources of evidence. *Floyd v. State,* 208 Kan. 874, Syl. ¶ 1, 495 P.2d 92 (1972).

Although Swenson provided affidavits from some witnesses including Turner, nothing requires that this be done at this stage. All that was required was that he state the facts and then identify the witnesses who would support those facts. Swenson met this requirement; he went into some detail regarding the evidence his mother could provide.

The question is then whether the district court should have granted an evidentiary hearing where Swenson could present his mother's testimony. Here, the district court determined that the hearing was unnecessary because the evidentiary record provided by Swenson established that trial counsel had made a strategic decision not to call the various witnesses. Specifically, the district

court ruled: "This was trial strategy on the part of defense counsel. This is clearly evident from the letter dated July 27th, 2000, to Mr. Swenson from trial counsel." The July 27 letter was in the record because it was attached to Swenson's motion. There is no other evidence regarding whether any decisions were strategic, and the July 27 letter does not support the district court's conclusion because it does not mention Swenson's mother. The letter relates solely to Turner and the decision of whether to call Turner as a witness; that issue is not before us.

The standard of review for an appeal from a denial of a K.S.A. 60-1507 motion is for the appellate court to determine whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support the conclusions of law. *Jenkins v. State*, 32 Kan. App. 2d 702, 703, 87 P.3d 983, *rev. denied* 278 Kan. 845 (2004); see *Johnson v. State*, 271 Kan. 534, 535, 24 P.3d 92 (2001). Here, there is nothing in the record to support the district court's finding that the decision was strategic. Additionally, there is nothing to suggest that counsel investigated the calling of Swenson's mother to the stand.

We, therefore, remand for further proceedings and a determination by the district court of whether Swenson's K.S.A. 60-1507 motion raised a substantial question of law or triable issue of fact regarding whether trial counsel was ineffective in failing to investigate the testimony of Swenson's mother and in failing to call her at trial or whether the failure when combined with the failure to investigate and call Turner as a witness—the issue remanded by the Court of Appeals—resulted in ineffective assistance of counsel.

ISSUE 3: *Did the Court of Appeals Err in Holding that Defendant Received Effective Assistance of Counsel Even Though Counsel Failed to Object and Move for Arrest of Judgment Based on a Defective Complaint?*

Next, Swenson argues the Court of Appeals erred in holding that defendant was not prejudiced and, therefore, received effective assistance of trial counsel even though counsel failed to move for arrest of judgment based on a defective complaint. In Swenson's

K.S.A. 60-1507 motion and before the Court of Appeals, he raised the contention that the amended complaint was jurisdictionally defective because the amended complaint did not specifically recite the premeditation element of the attempted first-degree murder charge. On review, he does not raise that issue directly but suggests his counsel was ineffective for not seeking to arrest judgment on that ground. According to Swenson, the omission of the premeditation element from the charging document resulted in ineffective assistance of trial counsel because his defense counsel took "no action to defend against the element of premeditation" and was "unable and/or incapable of fashioning an appropriate defense . . . of which [counsel] had no knowledge or strategy." These assertions are not persuasive.

The underlying issue involves Swenson's allegation of a defective complaint. A complaint which omits an essential element of a crime has been deemed to be fatally defective. *State v. Moody*, 282 Kan. 181, 197, 144 P.3d 612 (2006). If a defendant seeks to challenge a complaint as defective, the defendant follows proper procedure by filing a motion for arrest of judgment with the trial court pursuant to K.S.A. 22-3502. *State v. Shirley*, 277 Kan. 659, 661-62, 89 P.3d 649 (2004). Where a motion filed pursuant to K.S.A. 60-1507 claims trial counsel was ineffective because counsel did not file a motion to dismiss or to vacate the judgment alleging a defective complaint, the common-sense rule announced in *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), *overruled on other grounds by Ferguson v. State*, 276 Kan. 428, 444-45, 78 P.3d 40 (2003), is used to analyze the prejudice prong in the test for ineffective assistance of trial counsel. 276 Kan. at 444-45.

Under the common-sense rule established in *Hall*, a charging document is sufficient, even if an essential element of an offense is missing, if it would be fair to require the defendant to defend based on the charge as stated in the charging document. The *Hall* court reasoned that common sense would be a better guide than arbitrary and artificial rules when determining whether a charging document is sufficient. 246 Kan. at 754. In order to succeed on his or her ineffective assistance of counsel claim, the defendant must show that counsel's allegedly deficient conduct either: (1) preju-

diced the defendant's preparation of a defense; (2) impaired the defendant's ability to plead the conviction in any subsequent prosecution; or (3) limited the defendant's substantial rights to a fair trial. *State v. McElroy*, 281 Kan. 256, Syl. ¶ 2, 130 P.3d 100 (2006); *State v. Waterberry*, 248 Kan. 169, 171, 804 P.2d 1000 (1991).

The State's amended complaint charged Swenson with the commission of attempted first-degree murder. The charge reads in pertinent part:

"[O]n or about the 3rd day of September 1999, A.D., one Nathaniel L. Swenson did then and there unlawfully, intentionally, towards the perpetration of the crime of First Degree Murder, as defined by K.S.A. 21-3401, commit the following overt act, to-wit: shoot with a firearm, to-wit: Freddie L. Hooks, Jr., with the intention to commit said crime, and the said Nathaniel L. Swenson failed in the perpetration thereof.

"Contrary to Kansas Statutes Annotated 22-3301, 21-3401, Attempted First-Degree Murder, Severity Level 1, Person Felony."

Relying on *State v. Wilson*, 30 Kan. App. 2d 498, 43 P.3d 851, *rev. denied* 274 Kan 1118 (2002), the district court found the complaint properly sets forth the essential elements of the charge of attempted first-degree murder. In *Wilson*, the defendant, charged with attempted first-degree murder and other criminal conduct, argued the information was defective because none of the elements of first-degree murder were listed. The defendant contended he was deprived of knowing whether he was charged with attempted premeditated first-degree murder or attempted felony murder.

As observed by the *Wilson* court, an attempt crime has three essential elements: (1) the intent to commit the crime, (2) an overt act toward the perpetration of the crime, and (3) a failure to consummate the crime. 30 Kan. App. 2d at 499-500; see K.S.A. 2006 Supp. 21-3301(a). The overt act in *Wilson* consisted of the defendant's stabbing the victim and then placing her body in the road and running over her with a vehicle. The Court of Appeals determined that this was, without question, an attempt to kill.

Citing *State v. Crane*, 260 Kan. 208, 226, 918 P.2d 1256 (1996), the *Wilson* court stated:

"In charging an attempt to commit crime, the essential elements of the crime attempted need not be meticulously enumerated in the charging document, but

the charge must advise the defendant of the offense he or she is alleged to have attempted to commit." 30 Kan. App. 2d at 500.

In *Crane*, this court reversed the defendant's convictions for attempted aggravated criminal sodomy and attempted rape because the complaint failed to enumerate the elements of the crimes the defendant had attempted to commit. The complaint did not state the victim's age, whether she consented, or the surrounding circumstances. The *Wilson* court found the facts in *Crane* to be distinguishable because, while rape and sodomy may be committed in numerous different ways, premeditated murder and felony murder are not separate or different offenses. The first-degree murder statute, K.S.A. 21-3401, provides alternate methods of " ' " 'proving the deliberation and premeditation required for a conviction of first-degree murder.' " ' " *Wilson*, 30 Kan. App. 2d at 500 (quoting *State v. Robinson*, 256 Kan. 133, 135, 883 P.2d 764 [1994]).

In addition, the felony-murder statute clearly depends upon an actual homicide. The crime of attempted felony murder is not recognized in Kansas. 30 Kan. App. 2d at 500; see *Robinson*, 256 Kan. at 136. A charge of attempted first-degree murder can only fall under K.S.A. 21-3401(a), premeditated first-degree murder. The *Wilson* court held that the essential elements of attempted first-degree murder were included in the charging document and that the defendant was clearly advised of the crime he was charged with having attempted to commit. 30 Kan. App. 2d at 500; see also *Ferguson*, 276 Kan. 428, Syl. ¶ 3 ("The information is sufficient, even if an essential averment is faulty in form, if by a fair construction it may be found within the text."); *State v. Mincey*, 265 Kan. 257, 262, 963 P.2d 403 (1998) ("The purpose of a complaint or information is to inform the accused of the particular offense or offenses with which the defendant is charged and which the defendant must defend against at the time of trial."); *State v. Cory*, 211 Kan. 528, 506 P.2d 1115 (1973) (information was sufficient to charge attempted burglary despite omission of language alleging entrance into the building "without authority").

Here, under the reasoning in *Wilson*, which we adopt, the amended complaint charging attempted first-degree murder was

sufficient and included the essential elements of the attempted crime. Therefore, it follows that Swenson's trial counsel's performance was not deficient for failing to object and move for arrest of judgment based on a defective complaint. Regardless, Swenson fails to show that he was prejudiced under the liberal common-sense rule articulated in *Hall.* There is no question that defense counsel was well aware of the premeditation element in the charge of attempted first-degree murder and was able to provide an adequate defense. Swenson received a preliminary hearing setting out the allegations, and the amended complaint provided the applicable statute. Moreover, the jury was given instructions regarding premeditation, premeditated first-degree murder, and attempted first-degree murder. Compare *State v. Sanford,* 250 Kan. 592, 601, 830 P.2d 14 (1992), and *State v. Crockett,* 26 Kan. App. 2d 202, 205, 987 P.2d 1101 (1999), where Kansas appellate courts reiterated that citations to statutes do not supply the charging document with missing elements, and a jury instruction will not remedy a defective complaint.

Further, as observed by the district court and the Court of Appeals, defense counsel's awareness of the premeditation element is shown by the fact that he argued during closing arguments in part that "[y]ou can't assume that the intent was there, and you can't assume that premeditation was there." Defense counsel went on to argue that "premeditation has not been proven in this case beyond a reasonable doubt."

The Court of Appeals correctly rejected Swenson's contention that trial counsel was ineffective for failing to move for arrest of judgment based on the omission of premeditation from the charging document.

The judgment of the Court of Appeals is affirmed in part and reversed in part. The judgment of the district court is affirmed in part, reversed in part, and remanded for further proceedings.

JOHNSON, J., not participating.

BRAZIL, S.J., assigned.