NOT DESIGNATED FOR PUBLICATION

No. 118,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARQUEZ RIDGE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed February 15, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Marquez A. Ridge appeals the ruling of the Sedgwick County District Court denying his third habeas corpus motion challenging his 1997 conviction for aggravated robbery as impermissibly successive and untimely. Ridge has not shown circumstances excusing the untimely filing of a motion for relief under K.S.A. 60-1507. We, therefore, affirm the district court's decision.

1

A jury convicted Ridge of aggravated robbery in 1997. This court affirmed the conviction and Ridge's sentence of 380 months in prison on direct appeal. *State v. Ridge*, No. 79,407, unpublished opinion filed July 2, 1999 (Kan. App.). Ridge filed unsuccessful motions collaterally attacking the conviction and sentence in 2000 and in 2004. See K.S.A. 60-1507(a). In 2017, Ridge filed this 60-1507 motion, roughly 20 years after his conviction became final. The district court summarily denied the motion. Ridge has appealed.

When a district court summarily denies a 60-1507 motion based solely on the content of the motion and the record in the underlying criminal case, we exercise unlimited review of that ruling on appeal. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

As a general matter, a convicted criminal is expected to assert all of the grounds for a collateral attack on his or her conviction in a single 60-1507 motion. A successive motion may be permitted for exceptional circumstances. Likewise, K.S.A. 60-1507(f)(1) requires the filing of a 60-1507 motion within one year of the final disposition of the underlying criminal case. The Legislature has provided a narrow exception to the time limitation for "manifest injustice," statutorily defined as either a compelling reason precluding the timely filing of the motion or "a colorable claim of actual innocence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

In his lengthy motion, Ridge asserts numerous grounds for relief. But nothing in the motion explains why it could not have been filed sooner. The issues Ridge raises are ones that he has known about or should have known about for years. The closest Ridge comes to a claim of innocence is an unsupported assertion that the lawyer representing him at trial in the criminal case refused to contact alibi witnesses Ridge had identified at the time. In his 60-1507 motion, Ridge declined to identify the witnesses or provide affidavits or other evidentiary materials as to what they would say if called to testify at a

hearing. Rather, Ridge dodged that obligation, asserting in the motion that he "intends to keep their identities concealed until" the evidentiary hearing on his motion. A party seeking 60-1507 relief doesn't have the option to defer the factual showing required to avert dismissal for untimeliness or to establish grounds warranting a hearing to the hearing itself. See *Trotter v. State*, 288 Kan. 112, 135, 200 P.3d 1236 (2009) (60-1507 motion sufficiently deficient to permit summary denial where movant fails to provide factual representations warranting relief and to identify witnesses supporting representations); *Swenson v. State*, 284 Kan. 931, Syl. ¶¶ 2-3, 169 P.3d 298 (2007). Ridge has failed to present a colorable claim of innocence with his phantom alibi witnesses.

Ridge's 60-1507 motion fails to set forth factual representations that would bring him within either exception to the statutory one-year time limit for seeking habeas corpus relief. The motion is, therefore, untimely. The district court correctly denied the motion for that reason. Because untimeliness alone is legally sufficient to deny relief under K.S.A. 60-1507, we need not (and do not) consider whether Ridge's motion was also impermissibly successive.

Affirmed.