NOT DESIGNATED FOR PUBLICATION

No. 121,006

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN D. JONES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 22, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER, J., and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM: Brian Jones appeals the district court's summary denial of his K.S.A. 60-1507 motion, arguing he should have been granted an evidentiary hearing on his claim that his trial attorney failed to investigate two alibi witnesses and present an alibi defense at trial. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Jones' convictions were discussed in his direct appeal. See *State v. Jones*, No. 111,386, 2015 WL 4716235 (Kan. App. 2015), *rev. denied* 303 Kan.

1080 (2016). Briefly, in August 2010, four armed men robbed a house while a mother and her daughter were at home. At some point, one of these men dropped a cigar that was in his mouth. Police collected the cigar, tested it for DNA, and compared it against other DNA samples in a database; that database flagged Brian Jones as a potential match.

After obtaining a swab of Jones' DNA, a forensic report concluded his DNA could not be excluded from the DNA found on the cigar. Wichita police obtained the sample only after telling Jones he was "under arrest"—that is, police detained him until they could obtain a search warrant or Jones' consent. Instead of waiting for the warrant, Jones eventually agreed to provide a DNA swab.

The State charged Jones with kidnapping, aggravated robbery, and aggravated burglary. Before trial, Jones sought to suppress the DNA sample, arguing his consent was coerced. The district court denied the motion, finding Jones voluntarily consented. A jury convicted him on all charges, and the Court of Appeals affirmed his convictions. 2015 WL 4716235, at *2, 7. The Kansas Supreme Court declined to review Jones' appeal.

Jones subsequently filed a motion under K.S.A. 60-1507 seeking postconviction relief. His motion alleged one trial error (alleging a Wichita police officer failed to provide him with *Miranda* warnings before questioning him and requesting he provide a DNA sample during the investigation in his case) and three claims of ineffective assistance of counsel. In particular, Jones claimed his counsel did not object to the police officer's statement based on the lack of a *Miranda* warning and did not investigate or present an alibi defense. To support his claim, Jones identified medical records from the week of August 10 and two potential alibi witnesses.

The district court held a hearing on Jones' motion to allow counsel to argue their positions. During the hearing, Jones' attorney stated he had attempted to contact Jones about the alibi witnesses but could not provide the court any additional information

2

beyond what was provided in Jones' motion. The district court determined that Jones was not entitled to relief and denied Jones' motion without an evidentiary hearing. After concluding the *Miranda* argument was meritless, the court observed that Jones had presented no evidence about his alibi that would allow the court to meaningfully consider that defense or assess its prejudicial impact, especially in light of his attorney's reasonable trial strategy. Jones appeals.

DISCUSSION

K.S.A. 2019 Supp. 60-1507(a) provides a collateral vehicle for prisoners to challenge their sentences. A court may resolve a prisoner's 60-1507 motion in three ways. First, the court may summarily deny the motion if the motion, files, and records from the case conclusively show the prisoner is not entitled to relief. Second, the court may order a preliminary hearing and appoint the prisoner counsel if a potentially substantial issue exists. Third, when "the motion and the files of the case" do not "conclusively show that the prisoner is entitled to no relief," the court must hold an evidentiary hearing. K.S.A. 2019 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

To make the threshold showing necessary to warrant an evidentiary hearing, a movant cannot simply make conclusory statements. Instead, the movant must provide an evidentiary basis for his or her assertions. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). When the district court denies a 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits. Thus, our standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

On appeal, Jones presents only one claim, arguing that the district court should have held an evidentiary hearing on his claims of ineffective assistance of counsel relating to his alibi defense. Accord *Requena v. State*, 310 Kan. 105, 107, 444 P.3d 918

3

(2019) (an issue not briefed on appeal is abandoned). Claims for ineffective assistance of counsel are evaluated under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A movant therefore must show that counsel's performance was deficient and that, but for counsel's deficient performance, there is a reasonable probability the jury would have reached a different result. *Breedlove v. State*, 310 Kan. 56, 64, 445 P.3d 1101 (2019).

But Jones' arguments on appeal suffer from the same absence of detail found in his original motion. Though he provides names of two potential alibi witnesses, he fails to provide any factual background for these witnesses—how they were important, what they might say, or how their statements may have affected his trial. It was Jones' burden to provide a sufficient factual description to warrant an evidentiary hearing. And it is Jones' burden on appeal to demonstrate why, in the absence of such a description, the district court erred in summarily denying his motion. Based on the scant explanation provided to the district court and again on appeal, we conclude he has not made this requisite showing.

The district court did not err in summarily denying Jones' K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.