NOT DESIGNATED FOR PUBLICATION

No. 122,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT L. TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed May 21, 2021. Reversed and remanded with directions.

*Wendie C. Miller*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Robert L. Taylor appeals the district court's summary dismissal of his K.S.A. 60-1507 motion as untimely. Taylor raises several issues on appeal. However, we will only address two of them: (1) The district court erred by not holding an evidentiary hearing upon receipt of the affidavit alleging actual innocence, and (2) the district court did not comply with Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239) when issuing its written order. Upon review, we agree the district court should have set the matter for an evidentiary hearing; thus, we reverse the district court's summary dismissal of Taylor's K.S.A. 60-1507 motion and remand for an evidentiary hearing.

1

With this remand, Taylor's complaint the journal entry did not comply with Supreme Court Rule 183(j) is moot.

FACTS

In the late evening of January 5, 2008, Lonnie Evans drove Robin Axthell to a Wichita apartment complex so she could return a friend's inhaler. Evans parked in a nearby alley, and Axthell went to her friend's apartment. As she returned to the car, two men began punching and kicking her, grabbed her purse, and demanded money. They left after emptying the purse on the ground, and Axthell ran back to the car. She eventually went to the hospital for treatment; there, she described the incident to police but stated she did not know who her attackers were.

As Evans waited for Axthell to return the inhaler, he noticed two men walking in the direction she had gone. He recognized one of the voices as belonging to a man he knew as "Don," who had attacked him a few weeks earlier. Evans told Axthell and her sister, Tammi Metcalf, that Don might be one of Axthell's assailants and gave Metcalf Don's phone number. Metcalf, who learned Don also went by the name "Booby," called the number. The speaker identified himself as Booby and admitted to attacking Axthell, explaining she owed him money. Evans and Metcalf relayed this information to police, though police could not identify the phone's owner. Police identified Taylor as a potential suspect by cross-referencing the name Booby in the police database. A few days after the incident, Axthell and Evans identified Taylor from a photo array, and Evans disclosed the earlier attack.

The State charged Taylor with aggravated robbery against Axthell and aggravated battery against Evans. A jury found him guilty of aggravated robbery, and the district court imposed a 233-month prison sentence. Another panel of this court affirmed his

2

conviction. *State v. Taylor*, No. 106,188, 2012 WL 4678110, at *8 (Kan. App. 2012) (unpublished opinion). The mandate was issued in September 2013.

In June 2019, Taylor filed a K.S.A. 60-1507 motion alleging multiple instances of ineffective assistance of pretrial, trial, and appellate counsel. In addition to a cumulative error claim, these claims included ineffective assistance of counsel for failing to: object to a defective complaint, require a formal arraignment, investigate the crime scene, call an alibi witness, and raise issues on appeal. Recognizing his motion was untimely, Taylor asserted manifest injustice, which permitted the district court to hear his claims. In support, he attached two affidavits. The first, from a fellow Hutchinson Correctional Facility inmate, explained prison staff lost Taylor's legal materials in May 2014. The second was from Turner Fennell, who claimed to have witnessed the attack on Axthell. According to Fennell, Taylor did not attack Axthell; instead, he intervened to stop the assailant. Fennell explained he lost touch with Taylor during the trial's pendency and he would have testified had Taylor's attorney contacted him.

The district court summarily dismissed the motion, finding manifest injustice did not exist because Taylor failed to persuasively explain why he waited to file his motion five years after prison staff lost his legal materials and Taylor did not assert a colorable claim of actual innocence. The district court also found Fennell's reason for not staying in touch with Taylor suspect and, while Fennell's testimony might have been persuasive and raised a reasonable doubt at trial, it did not entitle Taylor to relief. Taylor objected to the summary dismissal, arguing the analysis did not satisfy Kansas Supreme Court Rule 183(j), and the district court denied the objection.

ANALYSIS

Taylor's brief before us is extensive. Preliminarily, Taylor makes two arguments not previously raised:  The district court should have appointed counsel because it made

3

legal and factual determinations, and those determinations violated section 5 of the Kansas Constitution Bill of Rights. We generally do not review issues raised for the first time on appeal. *State v. Sharp*, 305 Kan. 1076, 1085, 390 P.3d 542 (2017); see also Kansas Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35) (requiring party to explain why issue not raised below). And we decline to do so here. See *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (decision of appellate court to review unpreserved claim of error is prudential).

Thus, only two issues remain relevant on appeal: The district court erred by summarily dismissing his K.S.A. 60-1507 motion, and the district court's order did not comply with Supreme Court Rule 183(j). We will address the first, and we find the second issue is moot.

TAYLOR'S ACTUAL INNOCENCE CLAIM REQUIRES AN EVIDENTIARY HEARING.

K.S.A. 2020 Supp. 60-1507(a) provides a method for prisoners to collaterally attack their convictions. Upon receiving a K.S.A. 60-1507 motion, a district court may address it in three ways. The court may:

- order an evidentiary hearing if its review of the motions, files, and case records indicates a substantial issue actually exists;
- order a preliminary hearing and assign the movant counsel if a potentially substantial issue exists; or,
- summarily deny the motion if its review conclusively shows the movant is not entitled to relief. *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017); see K.S.A. 2020 Supp. 60-1507(b).

Appellate courts review the summary denial of a motion de novo. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Taylor bears the burden of proving his motion requires an evidentiary hearing. See *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 (2010). To carry this burden, Taylor must do more than make conclusory statements; the motion must cite to supporting evidence in the record or identify individuals who would provide that evidence. *Swenson v. State*, 284 Kan. 931, 938-39, 169 P.3d 298 (2007). Taylor's burden is met if the motion asserts facts not found in the record that, if true, would entitle him to relief. See 284 Kan. at 939.

Generally, a K.S.A. 60-1507 motion must be filed within one year after a defendant's direct appeal becomes final. K.S.A. 2020 Supp. 60-1507(f)(1)(A). But if a movant can show manifest injustice, then the time limitation can be extended. Manifest injustice can be established by either explaining the reasons for the delay or asserting a colorable claim of actual innocence. K.S.A. 2020 Supp. 60-1507(f)(2)(A). The explanation must provide persuasive reasons or circumstances reflecting why the motion was not timely filed. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). And a colorable claim of actual innocence requires a showing that, based on new evidence, "it is more likely than not that no reasonable juror would have convicted" the movant. K.S.A. 2020 Supp. 60-1507(f)(2)(A). Absent manifest injustice, a court must dismiss an untimely motion. K.S.A. 2020 Supp. 60-1507(f)(3).

A.      *Taylor fails to adequately explain the five-year delay.*

Taylor argues the May 2014 loss of his legal materials by prison staff constitutes manifest injustice because it was an event outside his control. However, he does not explain why his K.S.A. 60-1507 motion was not filed until five years later. He fails to explain any steps he took to locate his legal materials to timely file his motion. Taylor appended to his reply brief some of his correspondence with prison officials to explain some of the delay. While he acknowledges this correspondence is not in the record and mentions he intended to supplement the record, we find no indication he did so.

5

Taylor's failure to add to the record leaves us with only the inmate's affidavit to review. See *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015) (courts cannot consider appended items not found in record). That affidavit notes prison staff lost Taylor's legal materials in May 2014, but it does not explain why it took approximately five years before he filed his K.S.A. 60-1507 motion in June 2019. While the loss of these materials could, in some cases, excuse an untimely filing, here, the delay's length greatly undermines Taylor's claims. Taylor's explanation is insufficient to establish manifest injustice.

### B. *Taylor presents a colorable claim of actual innocence.*

Taylor also asserts the district court erred by summarily denying his K.S.A. 60-1507 motion because his colorable claim of actual innocence raises a substantial issue requiring an evidentiary hearing. Assuming Fennell's statements are true, Taylor could be entitled to relief. His guilt or innocence would hinge on assessing Fennell's credibility compared to that of Axthell and Metcalf. From the cold record, we cannot determine Fennell's likely credibility solely from his affidavit. As presented, it creates a potentially substantial issue.

By relying on Fennell's affidavit, Taylor claims he has overcome the untimeliness bar and can challenge the effectiveness of his trial attorney's assistance. See *Beauclair*, 308 Kan. at 298. When a movant uses a claim of actual innocence to defeat a procedural hurdle, courts determine whether it is "'more likely than not any reasonable juror would have reasonable doubt.' [*House v. Bell*,] 547 U.S. at 538-39." *Beauclair*, 308 Kan. at 301 (adopting standard from *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 [1986], and its progeny).

Taylor presented the district court with potentially "'new reliable evidence,'" supported by an affidavit from a purported eyewitness. See *Beauclair*, 308 Kan. at 300

6

(citing *House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2065, 165 L. Ed. 2d 1 [2006]). District courts must review the old evidence, including the credibility of trial witnesses, to determine the likely effect of the new evidence on a jury. *Beauclair*, 308 Kan. at 300-01. But the actual innocence exception is narrow; a movant will only satisfy it in "'extraordinary'" cases. 308 Kan. at 302 (citing *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 [1995]).

Taylor makes three arguments regarding his actual innocence claim:

- Credibility generally cannot be assessed from an affidavit, which requires the district court to grant an evidentiary hearing;
- the affidavit constitutes new evidence under K.S.A. 2020 Supp. 60-1507(f)(2)(A) as it was not presented at trial; and
- based on Fennell's affidavit and the inconsistent trial testimony, the new evidence could create a reasonable doubt, requiring an evidentiary hearing.

The State replies the affidavit is not newly discovered, nor is it more likely than not that Fennell's testimony would create a reasonable doubt.

As Taylor notes in his first argument, an affidavit does not allow the same opportunity to assess credibility as does live testimony. See *Beauclair*, 308 Kan. at 295 (quoting *Neer v. State*, No. 111,230, 2015 WL 1310815, at *4 [Kan. App. 2015] [unpublished opinion]). An affidavit may support, but does not necessarily demand, an evidentiary hearing. See *Beauclair*, 308 Kan. at 302 (rejecting argument that movant's affidavit stating innocence requires hearing). But an appellate court may assess how the affiant's likely credibility impacts the reliability of the new evidence. See *Schlup*, 513 U.S. at 332. But see *Beauclair*, 308 Kan. at 302-03 (disapproving Court of Appeals' assessment of recanting affiant's credibility).

Taylor next argues Fennell's affidavit is new evidence, even though his testimony was available and could have been presented at trial. The State relies on *State v. Ferguson*, 228 Kan. 522, 618 P.2d 1186 (1980), to define "new evidence." *Ferguson* reiterates the definition of "newly discovered evidence" for granting a new trial under K.S.A. 60-259, which states the evidence must be both material and, after the movant's exercise of reasonable diligence, could not have been discovered and presented at trial. 228 Kan. at 530; see K.S.A. 2020 Supp. 60-259(a)(1)(E). But K.S.A. 2020 Supp. 60-1507(f)(2)(A), unlike K.S.A. 2020 Supp. 60-259, does not define "new evidence" relevant to a colorable claim of actual innocence.

*Beauclair* relied on federal law when discussing a colorable claim of actual innocence, based on the similarity of the language used in K.S.A. 2017 Supp. 60-1507(f)(2)(A) and federal cases. 308 Kan. at 301. Given this reliance, another panel of our court recently determined that, in certain instances, "new evidence" could include evidence available but not presented at trial. *Skaggs v. State*, 59 Kan. App. 2d 121, 144-45, 479 P.3d 499 (2020), *petition for rev. filed* January 4, 2021. The *Skaggs* panel rejected the argument that the definition of "newly discovered evidence" in K.S.A. 22-3501, which contains a definition similar to that found in K.S.A. 60-259, necessarily applies to K.S.A. 60-1507 motions. Instead, the panel relied heavily on *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018), *cert. denied* 139 S. Ct. 2713 (2019). *Skaggs*, 59 Kan. App. 2d at 142-44.

The *Reeves* court acknowledged a circuit split concerning whether new evidence must be newly discovered or simply not have been presented at trial. 897 F.3d at 161-62. It also noted statements from *Schlup*, 513 U.S. at 327-28—that courts consider all the evidence, including wrongly excluded evidence and other newly discovered evidence not presented at trial—suggest "new evidence" also encompasses evidence not presented at trial. *Reeves*, 897 F.3d at 162-63. But the *Reeves* court ultimately adopted a modified approach:  While new evidence generally must be newly discoverable, a movant may

overcome the untimeliness hurdle by relying on exculpatory evidence that was available but not presented at trial, if the habeas motion also asserts an ineffective assistance of counsel claim based on counsel's failure to discover or present that same exculpatory evidence. 897 F.3d at 163-64.

The *Skaggs* panel, while adopting the *Reeves* standard, emphasized the limited scope of its holding. The panel recognized that in cases similar to *Reeves*—where the new evidence is used to both excuse an untimely motion and to raise an ineffective assistance of counsel claim based on the failure to discover or present that evidence— "new evidence" includes evidence available but not presented at trial. But the panel explicitly declined to consider whether this formulation applied to other situations. *Skaggs*, 59 Kan. App. 2d at 144.

*Skaggs* is persuasive. Taylor has presented new evidence, i.e., evidence not presented at the trial. Fennell's affidavit states he observed Taylor attempt to stop Axthell's attacker. Taylor knew about this evidence before trial, but Fennell did not testify; Taylor's trial attorney presented no evidence. And Taylor's K.S.A. 60-1507 motion asserts his trial counsel provided ineffective assistance for failing to call an alibi witness Taylor informed him about. Taylor has presented new evidence for at least one of his claims. Granted, he raises several other ineffective assistance claims unrelated to this witness' testimony. But we decline to determine whether the affidavit serves as new evidence for those other claims.

Turning back to the merits of Taylor's actual innocence claim, if Fennell's statement is true, Taylor could be entitled to relief. The ultimate issue would turn on the credibility of the witnesses. Axthell would likely be very credible; she has always maintained her attack was by two men. She immediately told Evans about the two men upon returning to the car. At the hospital, she informed police the attack involved two men. She reiterated the same position during future interaction with police and at trial.

9

Likewise, Metcalf's testimony may be credible. She stated Booby—later identified as Taylor—acknowledged that he attacked Axthell.

The question for us is whether Fennell's affidavit raises at least a potentially substantial issue; that is, could a jury find Fennell's testimony so persuasive as to find Taylor not guilty? To answer the question, we need more information. Fennell's description certainly conflicts with Axthell's account and Metcalf's recollection of the phone call, but the record does not disprove his description. And without additional information to assess his statement's veracity, Fennell's affidavit cannot serve as a credibility gauge. With the need for more information, we cannot conclusively determine whether Taylor is entitled to relief.

The district court's reasoning, though not its conclusion, supports the need for an additional hearing. The district court noted Fennell's explanation for not previously testifying lacked credibility; however, the court believed had he testified in accordance with his affidavit at trial, it might have been persuasive to a jury and could have created reasonable doubt as to Taylor's guilt. If the affidavit could create a reasonable doubt, then Taylor raised at least a potentially substantial issue.

The district court erred by summarily denying Taylor's K.S.A. 60-1507 motion on his actual innocence claim. To assess Fennell's credibility and determine whether a jury would likely acquit Taylor based on this evidence, we remand the colorable claim of actual innocence for further proceedings.

Given our remand on the first issue, we determine Taylor's argument that the district court failed to comply with Kansas Supreme Court Rule 183(j) is now moot.

Reversed and remanded with directions.

10