NOT DESIGNATED FOR PUBLICATION

No. 124,930

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARCUS D. PUGH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed December 23, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Marcus D. Pugh claims the district court should have held an evidentiary hearing on his K.S.A. 60-1507 motion instead of summarily denying it. Because we find Pugh did not establish the district court erred, we affirm.

*Underlying case*

After Pugh was booked into the Sedgwick County Detention Facility for robbery, he called his live-in girlfriend on a monitored line. During the call, he told her he thought

a "'pistola'" was in their kitchen. He also told her she could make roughly $1,200 with the "'stuff'" in the freezer and instructed her on the packaging of "'dubs.'"

The detention facility sent a recording of this call to Detective Kenneth Davis of the Wichita Police Department, who then requested and received a search warrant for Pugh's residence to look for a firearm. Based on his training and experience as a law enforcement officer, Davis knew that "pistola" was a vernacular term for handgun, and "dubs" was vernacular language for the packaging and selling of illicit drugs. Also, Davis had recently interviewed Pugh and knew he was a felon. See *State v. Pugh*, No. 120,929, 2021 WL 218900, at *1 (Kan. App. 2021) (unpublished opinion).

During the warrant search, law enforcement found a handgun, indicia of Pugh's occupancy, and marijuana. Pugh was convicted after a bench trial of possession of marijuana with the intent to distribute and criminal possession of a weapon by a felon. The district court sentenced him to 122 months' imprisonment.

After this court affirmed his convictions in Pugh's direct appeal, 2021 WL 218900, at *5, Pugh filed a pro se motion for a new trial under K.S.A. 60-1507, setting forth 11 claims of ineffective assistance of trial counsel. Most of these claims related to the charges which led to Pugh being booked into jail originally and his counsel's alleged failure to challenge the circumstances of those charges.

A district court has three options when faced with a K.S.A. 60-1507 motion:

"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the

2

motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013).

Here, the district court summarily denied Pugh's motion after finding he failed to allege sufficient facts to warrant an evidentiary hearing. The court thoughtfully examined each claim in Pugh's motion and pointed out that Pugh's arguments were conclusory and without factual basis. It held that, based on the motions, records, and files before it, Pugh's trial counsel's conduct did not fall below an objective standard of reasonableness, and Pugh suffered no prejudice as a result.

*The district court did not err in summarily denying Pugh's motion.*

Pugh argues the district court erred in summarily denying his K.S.A. 60-1507 motion. We review its decision de novo. That is, like the district court, we are charged with determining whether the motion, files, and records of the case conclusively show that Pugh is entitled to no relief on his claims. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

In his brief, Pugh asserts that he is "not abandon[ing] any of the grounds raised below on appeal," but that "the focus ought to be on several in particular." He then claims his first two allegations about the traffic stop are "difficult to evaluate, since there was little testimony regarding the stop itself at the bench trial." But he claims the search of Pugh's house "provides fertile grounds for challenges."

We read these statements as a tacit admission that Pugh is waiving all issues on appeal other than the search or, if not, we find them inadequate to satisfy his duty to properly brief his arguments on appeal. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not properly briefed are abandoned); *Russell v. May*,

306 Kan. 1058, 1089, 400 P.3d 647 (2017) (points raised incidentally and not argued are considered waived or abandoned).

As to the search, Pugh quotes Detective Davis' testimony, in which Davis states that, based on his training and experience as a law enforcement officer, he "'recognized right away'" that Pugh was referring to a "'handgun or firearm or something'" when he said "'pistola'" and that this training and experience also taught Davis "'dub'" meant packaging of illegal drugs for sale. But Pugh does not challenge or seek to discredit this testimony, either on appeal or in his motion. Instead, for the first time on appeal, he simply says, "[W]hether or not [Pugh's conversation] can be the sole basis for a search warrant is heavily fact-dependent." Pugh then concludes by saying:

> "Did the mention of a 'pistola' and 'stuff' and 'dub' in a conversation provide enough clear information to rise to the level of probable cause needed for a search warrant? The issue is not clear-cut, and counsel likely missed an opportunity to have the case dismissed, or reversed upon appellate review. Such an omission would fall below the level of effective assistance, and would have definitely made a difference in the outcome of the case."

But these vague assertions do not explain why Pugh's statements provided insufficient probable cause to justify the search warrant, particularly considering Detective Davis' training and experience. Nor does Pugh argue Davis' reliance on these statements to seek the warrant was improper. He also cites no legal authority to support his assertions. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue). Without these specifics, he has provided no basis for us to find the district court erred.

The other problem is Pugh has shifted his position on appeal. Pugh argued in his motion that his trial counsel should have challenged the search warrant because it did not include marijuana. This is not his argument on appeal, nor does he explain why he is allowed to make a new argument on appeal. Since Pugh did not argue below that the recorded statements provided insufficient basis to support the search warrant, he cannot raise this issue on appeal. See *State v. Williams*, 298 Kan. 1075, 1084, 319 P.3d 528 (2014) (issue not asserted below cannot be raised on appeal); Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) (party briefing an issue on appeal must refer to the specific location in the record on appeal where the issue was raised and ruled on; if the issue was not raised below, there must be an explanation why it is properly before the court).

K.S.A. 60-1507 is an important procedural mechanism for defendants to challenge errors which could have led to their wrongful conviction or improper sentence. But the burden lies with the defendants to plead their case. *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007) ("[A] movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record."). Pugh did not meet that burden.

As a result, we find Pugh has waived or abandoned his claims on appeal for failure to properly brief them and affirm the district court.

Affirmed.