NOT DESIGNATED FOR PUBLICATION

No. 125,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID D. WASYLK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Submitted without oral argument. Opinion filed February 2, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., COBLE and PICKERING, JJ.


PER CURIAM: David D. Wasylk appeals from the district court's summary dismissal of his K.S.A. 60-1507 motion. His motion was premised on the contention that his trial counsel should have called additional witnesses at his sentencing hearing in support of his motion for a departure sentence. However, the content of the witnesses' testimony was already contained within a written motion. Moreover, a review of the record reveals that additional testimony would not have served any beneficial purpose. For these reasons, we find that Wasylk has failed to show that his trial counsel was ineffective. Thus, we affirm the summary dismissal of his K.S.A. 60-1507 motion.

1

FACTS

In 2014, a jury found Wasylk guilty of four counts of manufacturing methamphetamine. In addition, the jury found him to be guilty of one count each of possession of pseudoephedrine, ephedrine, lithium metal, or anhydrous ammonia with intent to manufacture a controlled substance; possession of drug paraphernalia with the intent to manufacture a controlled substance; and possession of anhydrous ammonia in an unapproved container. The underlying facts of the case are set forth in the opinion affirming his convictions on direct appeal and will not be repeated in this opinion. *State v. Wasylk*, No. 112,128, 2015 WL 6833835, at *1-4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1257 (2016).

Before sentencing, Wasylk moved for downward durational departure. In support of his motion, he argued—among other things—that he was not the principal actor, that he had a supportive family, and that he had a solid employment history. At his sentencing hearing, Wasylk reiterated his arguments and presented testimony from his mother. She described her son to be a hard worker and a loving father to his children. After considering the arguments and testimony presented by Wasylk, the district court denied Wasylk's departure motion.

In reaching its decision to deny the departure motion, the district court decided that the reasons given by Wasylk were not substantial and compelling in light of the seriousness of the crimes of convictions. In particular, the district court explained that methamphetamine manufacturing and distribution posed a significant danger to the safety of the community. The district court also considered the fact that Wasylk committed his crimes while under the supervision of Lyon County in another criminal case in which he was convicted of cultivating, distributing, or possessing with the intent to distribute opiates, opium, narcotic drugs, or designated stimulants.

2

Consequently, the district court sentenced him to a guidelines sentence for a total of 308 months' imprisonment with 36 months of postrelease supervision. On direct appeal, Wasylk's convictions were affirmed, and as noted above, the Kansas Supreme Court later denied Wasylk's petition for review. *State v. Wasylk*, 2015 WL 6833835, at *16. Thereafter, the United States Supreme Court also denied Wasylk's petition for writ of certiorari. *Wasylk v. Kansas*, 581 U.S. 997, 137 S. Ct. 2169, 198 L. Ed. 2d 240 (2017).

Within one year following the United States Supreme Court's denial of his certiorari petition, Wasylk filed a K.S.A. 60-1507 motion alleging ineffective assistance of both trial and appellate counsel. Following an evidentiary hearing, the district court denied Wasylk's motion. On appeal, a panel of this court affirmed the district court's decision. *Wasylk v. Kansas*, No. 122,214, 2020 WL 6685312, at *5 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1046 (2021).

On June 30, 2022, Wasylk filed a second K.S.A. 60-1507 motion, which is the subject of this appeal. In this motion, he again argued that trial counsel was ineffective. This time he claimed that trial counsel was ineffective for failing to call additional witnesses at the sentencing hearing to testify in support of his departure motion. As to the timing of the motion, Wasylk asserted that the motion should be considered to be timely because it was filed within one year of the mandate being issued in the appeal from the denial of his prior K.S.A. 60-1507 case. He also claimed that manifest injustice justified his otherwise untimely filing because of the length of his sentence as compared with two others involved in the methamphetamine operation.

The district court summarily dismissed Wasylk's second K.S.A. 60-1507 motion without a hearing. Notably, the judge who dismissed Wasylk's motion was the same judge who presided over Wasylk's 2014 sentencing. In dismissing the motion, the district court found that it was not timely filed. However, the court also went on to address the claims of ineffective assistance of trial counsel raised by Wasylk in his motion.

3

Regarding Wasylk's claim that his trial counsel should have called additional character witnesses at the sentencing hearing, the district court noted that evidence of Wasylk's good character, employment history, and background were discussed in the departure motion. Moreover, it found that presenting additional evidence on the subject would not have changed the sentencing decision. Similarly, the district court found that trial counsel was not ineffective for failing to call the person who completed Wasylk's drug evaluation because the findings were contained in the report presented to support the departure motion.

Thereafter, Wasylk filed a timely notice of appeal.

ANALYSIS

On appeal, the sole issue presented is whether the district court erred in summarily dismissing Wasylk's second K.S.A. 60-1507 motion. When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). We pause to note that the State concedes that Wasylk's second K.S.A. 60-1507 motion was timely filed, so it is not necessary for us to address the issue of timeliness.

The question we must answer is whether Wasylk asserted sufficient facts in his K.S.A. 60-1507 motion "which do not appear in the original record but which, if true, would entitle [him] to relief, and the motion identifies readily available witnesses whose testimony would support such facts or other sources of evidence." *Swenson v. State*, 284 Kan. 931, 939, 169 P.3d 298 (2007). Wasylk claims his trial counsel was ineffective for failing to call additional witnesses at his sentencing hearing to support his motion for a downward durational departure. Although he suggests that these witnesses could have testified as to his good character and drug problems, there is no indication that these

4

witnesses would have provided evidence beyond what was stated in his motion for departure or at the sentencing hearing. As the district court noted, Wasylk's departure motion detailed his work history, his dedication to his community, and his strong ties to his family. The motion also detailed his history of drug dependency.

At the sentencing hearing, the district court did not question the veracity of Wasylk's claims regarding his history, nor did it question the accuracy of the reasons he gave in requesting that he receive a reduced sentence. Instead, the district court found that the reasons he gave were not sufficient to justify a departure sentence. Under these circumstances, we agree with the district court that the testimony of additional witnesses at the sentencing hearing would not have changed its decision to impose a sentence consistent with the guidelines.

While we recognize that "good character, family, and community support ordinarily carry some weight as mitigating factors"—and that these things may support a departure sentence for less serious crimes—they carry less significance when a person commits serious crimes. *State v. Theurer*, 50 Kan. App. 2d 1203, 1242, 337 P.3d 725 (2014). This is because the Revised Kansas Sentencing Guidelines Act, K.S.A. 2022 Supp. 21-6801 et seq., reflects the intent of the Kansas Legislative for sentencing courts to "'address circumstances, behaviors, and facts within the case' rather than 'a Defendant's individual characteristics outside . . . the case' itself." 50 Kan. App. 2d at 1221. Here, we find it to be significant that Wasylk was convicted of several severity level 1 crimes—the crimes the Legislature has deemed most serious—and his convictions were upheld on direct appeal.

Under these circumstances, we agree with the district court that the motion, files, and records of the case conclusively establish that Wasylk is not entitled to relief. For this reason, we conclude that the district court did not err in summarily dismissing his second K.S.A. 60-1507 motion. Consequently, we affirm the district court's decision.

Affirmed.