No. 47, 994

Steve Hicks, *Appellant,* v. State of Kansas, *Appellee.*

(552 P. 2d 889)

Opinion filed July 23, 1976.

*Stephen W. Kessler,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Nick Tomasic,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Appellant Steve Hicks seeks to withdraw a plea of *nolo contendere* to a charge of first degree murder and have this court vacate his sentence of life imprisonment.

The vehicle used in seeking such relief is the post-conviction remedy provided by K. S. A. 60-1507. The basis for his motion in the district court was that the court accepting his plea failed to advise him as to the consequences of such a plea and that he was misinformed by his attorney. He argues that he should have been informed that he would not be eligible for a parole for fifteen years. The district court summarily denied his motion after examining the files and records documenting the circumstances surrounding his plea.

On appeal he contends the trial court erred in failing to hold an evidentiary hearing so he might establish his claim. This court for

the first time is presented with the question of whether parole eligibility is such a consequence of a plea of guilty or *nolo contendere* as should require the court accepting the plea to advise a defendant on that subject.

The files and records in the district court disclosed the following facts. On April 17, 1972, Hicks entered a plea of *nolo contendere* to a charge that he murdered Homer Roller on October 22, 1971, while participating in the robbery of a liquor store. Before accepting the plea the trial court questioned Hicks in accordance with the directions of K. S. A. 22-3210, which mandates that a trial court inform a defendant of the consequences of such a plea and the maximum penalty which may be imposed. The colloquy between the court and the defendant as transcribed by the court reporter reads:

"THE COURT: It is my duty in such a case, Mr. Hicks, to inform you that the statutes that you stand charged with violating is a capital offense and that the maximum sentence under this charge would be death by hanging. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Speak up, because we are on the record here.

"THE DEFENDANT: Yes, sir.

"THE COURT: Before I accept this plea of nolo contendere I am going to ask you certain questions, and will you be sure to give me the correct answers to those questions?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is this a free and voluntary plea?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have had the benefit of Mr. Russo's counsel, have you?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you are satisfied with his services in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that in this, as in any other case, you would be entitled to a trial by jury in this matter?

"THE DEFENDANT: Yes, sir.

"THE COURT: And in that case, Mr. Hicks, it would be necessary for the State of Kansas to prove this charge beyond any reasonable doubt; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And do you wish a trial by jury?

"THE DEFENDANT: No, sir.

"THE COURT: You are absolutely sure of that?

"THE DEFENDANT: Yes, sir.

"THE COURT: We will proceed, then, with evidence on the hearing. First of all, I make a finding this is a free and voluntary plea of nolo contendere; that the defendant has been informed by the Court of the consequences of his act and the maximum sentence imposed by law concerning this act; that he

has had the benefit of counsel throughout every stage of this proceeding; that he has been informed by counsel, among other things, of his right to trial by jury and he has this morning expressly waived that right to trial by jury; and, therefore, I consider this to be a free and voluntary plea."

The court then heard evidence in support of the first degree murder charge, accepted Hicks' plea and sentenced him to life imprisonment.

The effect of a plea of *nolo contendere* is set forth in K. S. A. 22-3209 (2) as follows:

"A plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge. When a plea of *nolo contendere* is accepted by the court, a finding of guilty may be adjudged thereon. The plea cannot be used against the defendant as an admission in any other action based on the same act."

After the defendant was adjudged guilty by the trial court on the plea Hicks was sentenced to life imprisonment and no direct appeal followed. Three years later the appellant filed his present motion contending that the court failed to inform him of his ineligibility for early parole after the sentence of life imprisonment, and that his attorney misinformed him on the subject.

Hicks maintains that ineligibility for early parole and impossibility of a reduction of sentence are consequences of which a defendant must be advised. In support of his contention appellant cites a number of federal decisions that hold a court must advise a defendant that he will be ineligible for parole in appropriate cases. Such a warning is required to conform with due process requirements as interpreted by the United States Supreme Court in *Boykin v. Alabama,* 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and codified in Rule 11 of Fed. R. Crim. P. (See *Roberts v. United States,* 491 F. 2d 1236 [3d Cir. 1974]; *Bye v. United States,* 435 F. 2d 177 [2d Cir. 1970]; *Jenkins v. United States,* 420 F. 2d 433 [10th Cir. 1970]; *Durant v. United States,* 410 F. 2d 689 [1st Cir. 1969]; *Munich v. United States,* 337 F. 2d 356 [9th Cir. 1964]; *United States v. Diggs,* 304 F. 2d 929 [6th Cir. 1962]; and Anno. Guilty Plea—Ineligibility for Parole, 8 A. L. R. Fed. 760.)

The rationale underlying the view of these circuits is that a defendant who is unaware at the time of entering a plea of guilty that he will be ineligible for parol, does not plead with an understanding of the consequences of the plea, since the nature of parole is so well understood that its availability may be regarded as assumed by the average defendant. (*Moody v. United States,* 469 F. 2d 705, 708 [8th Cir. 1972].)

An examination of those cases indicates their rationale has a limited application to those cases where the federal law declares on conviction of a particular crime, such as certain violations of the federal narcotics laws, the defendant shall be ineligible for parole and must serve a flat term of years. These cases are not controlling under Kansas statutes.

Our release procedures are provided in K. S. A. 22-3701, *et seq.*, as amended. Parole authority has been delegated to the Kansas adult authority (22-3707) under procedures outlined in K. S. A. 1975 Supp. 22-3717, in pertinent part as follows:

"(1) The authority shall have power to release on parole those persons confined in institutions who are eligible for parole when, in the opinion of the authority, there is reasonable probability that such persons can be released without detriment to the community or to themselves.

"(2) After expiration of one hundred twenty (120) days from the date of sentence, the Kansas adult authority is hereby granted the authority to place upon intensive supervised parole any inmate classified in the lowest minimum security classification who has achieved such status under rules and regulations promulgated by the secretary of corrections, except in the case where a death sentence or life imprisonment has been imposed as the minimum sentence or where the minimum sentence imposed aggregates more than fifteen (15) years, after deduction of work and good behavior credits. Persons confined in institutions shall be eligible for parole after fifteen (15) years if sentenced to life imprisonment or to a minimum term which, after deduction of work and good behavior credits, aggregates more than fifteen (15) years."

The provision in the above statute which states that any person sentenced to life imprisonment shall not be eligible for parole for fifteen years must be read in conjunction with the provisions of K. S. A. 21-4603 (2). As pointed out in *State v. Sargent*, 217 Kan. 634, 538 P. 2d 696, a term of life imprisonment imposed for murder in the first degree constitutes a minimum term of confinement within the meaning of K. S. A. 21-4603 and a district court may reduce a life sentence to a term of years when such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction.

Under the procedures permitted by the statutes of Kansas it is possible to accelerate the eligibility for parole of a person serving a sentence of life imprisonment by having the sentence reduced to a term of years. In such cases the fifteen year provision contained in K. S. A. 1975 Supp. 22-3717 (2) may be ameliorated as authorized by K. S. A. 21-4603 and as construed by this court in

*State v. Sargent,* supra. The ineligibility for parole urged by the petitioner as a basis for relief in this case has no substance in fact or in law.

Parole eligibility is not one of the consequences of a plea contemplated in K. S. A. 22-3210 on which the court must inform a defendant. A court in accepting a plea of guilty or *nolo contendere* to a charge of first degree murder is not required to advise the defendant as to his future parole eligibility.

The other basis for alleged error in refusing to grant an evidentiary hearing is petitioner's bald statement that he was misinformed by his attorney as to his parole eligibility. An attorney representing a defendant has a duty to advise the defendant as to the law affecting defendant's rights. The thrust of petitioner's present charge is to claim inadequacy of counsel.

We note that during the allocution petitioner advised the court he had had the benefit of counsel and was satisfied with his services in the case. The present accusation coming three years after his plea is unsupported by affidavit of either the attorney or of the petitioner. No witnesses are named, no factual background is set forth, and the nature of the alleged erroneous advice received from the attorney is not explained or set forth in his motion. The federal courts have held that such a bald statement cannot be the basis for requiring an evidentiary hearing on the present claim. See *Serrano v. United States,* 442 F. 2d 923 (2d Cir. 1971), cert. den. 404 U. S. 844, 30 L. Ed. 2d 80, 92 S. Ct. 145, and *United States v. Welton,* 439 F. 2d 824 (2d Cir. 1971), cert den. 404 U. S. 859, 30 L. Ed. 2d 102, 92 S. Ct. 157.

To require an evidentiary hearing on a post-conviction motion under K. S. A. 60-1507 the movant is required to allege a factual basis in the motion to support his claim for relief. A mere conclusionary contention that counsel misinformed him, for which no evidentiary basis appears in the record, is not a sufficient basis for requiring an evidentiary hearing for post-conviction relief. (*Burns v. State,* 215 Kan. 497, 524 P. 2d 737.)

The judgment is affirmed.