No. 48,124

JIMMY W. SULLIVAN, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(564 P.2d 455)

Opinion filed May 14, 1977.

*James W. Wilson*, of Hodge, Wood and Wilson, of Wichita, argued the cause, and *Ray Hodge*, of the same firm, was on the brief for the appellant.

*Stephen Robison*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, *Vern Miller*, district attorney, and *Clifford Bertholf*, assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by the petitioner in a proceeding instituted pursuant to K.S.A. 60-1507 wherein the trial court denied relief without an evidentiary hearing.

On March 22, 1971, an informant told Wichita Detective Jack Watkins that a gambling game at 3213 Locust Street would be held up. Police staked out the area. Shortly before midnight a Cadillac drove by the house and parked about a block away. Three men emerged from the car and walked around the house looking in the windows. They then returned to their car and started to leave. Officers attempted to stop the car, but the driver would not yield. During a short chase the occupants threw from the passenger side of the vehicle two pistols, a sawed-off shotgun, and a towel and pillow case made into a mask. When the car was stopped petitioner and two other men emerged. A search of the occupants and the vehicle uncovered two additional masks and shotgun shells.

The three men were charged with aggravated weapons violation (K.S.A. 1971 Supp. 21-4202), unlawful possession of a firearm within five years of a felony conviction (K.S.A. 1971 Supp. 21-4204), and conspiracy to commit robbery (K.S.A. 1971 Supp. 21-3302). A jury convicted them on both weapons charges. The convictions of petitioner and co-defendant Smith were reversed on appeal because they were tried jointly and it was

determined their attorney had a conflict of interest. (*State v. Sullivan & Smith*, 210 Kan. 842, 504 P. 2d 190.)

Petitioner was retried on February 27, 1973. The second jury found him guilty of the weapons violation and of unlawful possession of a firearm. No direct appeal was taken.

On May 23, 1975, petitioner filed this 60-1507 motion alleging his convictions resulted from illegal wiretapping and perjury of which he was not aware until January 6, 1974. The only alleged fact supporting this allegation was that there was "no confidential informant in this case who gave any information to Det. Jack Watkins, W.P.D., at 10:00 P.M. on March 22, 1971, which indicated that Petitioner was going to pull a job. . . ." No facts were set forth which indicated the nature of the perjury or the illegal wiretap. To support his position petitioner proposed to subpoena all records, files and reports, and all law enforcement officers connected with the case, as well as the confidential informant. There was no indication what the records and files contained or what the testimony of the witnesses would be.

The trial court dismissed the petition without an evidentiary hearing on the basis that there were no facts alleged or set forth in the motion supporting petitioner's conclusionary allegations. The trial court further noted the same contentions had been presented in federal court in a civil damage action and in a proceeding for a writ of habeas corpus, and both actions had been dismissed.

On October 10, 1975, petitioner filed notice of appeal and counsel was appointed. A motion was filed to allow petitioner to file an amended 60-1507 motion. This was denied.

Petitioner contends the trial court erred (1) in denying an evidentiary hearing and (2) in denying his motion to amend his 1507 motion after counsel was appointed.

To be entitled to an evidentiary hearing on a post-conviction motion under K.S.A. 60-1507 the movant is required to allege a factual basis in the motion to support his claim for relief. It is well established that the mere conclusionary contention that a petitioner is entitled to relief, for which no factual basis appears in the record, is not sufficient to require an evidentiary hearing for post-conviction relief. (*Hicks v. State*, 220 Kan. 279, 552 P. 2d 889; *Burns v. State*, 215 Kan. 497, 524 P. 2d 737; *Peterson v. State*, 215 Kan. 253, 524 P. 2d 740.) While corroboration of petitioner's statements or allegations is no longer required (*Morrow v. State*, 219 Kan. 442, 548 P. 2d 727), a petition must set forth a factual

background, names of witnesses or other sources of evidence to demonstrate that petitioner is entitled to relief. (*Hicks v. State*, supra; *Rhone v. State*, 211 Kan. 206, 505 P. 2d 673; *Hacker v. State*, 207 Kan. 195, 483 P. 2d 484; *Lee v. State*, 204 Kan. 361, 461 P. 2d 743; *Wagner v. State*, 199 Kan. 154, 427 P. 2d 495.)

Although petitioner alleges perjury, a charge which if proven would undermine his conviction (*Rodgers v. State*, 197 Kan. 622, 419 P. 2d 828), he does not set forth facts to support his conclusion and has identified no witnesses upon which he relies for proof. The trial court correctly ruled that a hearing was not required on this claim. (*Van Bebber v. State*, 220 Kan. 3, 551 P. 2d 878; *Potts v. State*, 214 Kan. 369, 520 P. 2d 1259.)

To support his charge of an illegal wiretap petitioner proposed to call as witnesses all law enforcement officers involved with his case. This nomination of potential witnesses is no more adequate than existed in *Cook v. State*, 220 Kan. 223, 552 P. 2d 985. There the petitioner proposed to call "a jailer" who would support an allegation that petitioner was placed in an illegal line-up. On appeal, this court affirmed the trial court's conclusion that this was not a sufficient basis to require an evidentiary hearing.

While petitioner alleges he should have been afforded an opportunity to amend his petition after counsel was appointed and it was error for the trial court to refuse to grant leave, petitioner did not demonstrate to the trial court how he might amend his petition to show he was entitled to relief. Under those circumstances the trial court did not abuse its discretion in overruling the motion to amend.

For the reasons set forth the judgment of the trial court is affirmed.