NOT DESIGNATED FOR PUBLICATION

No. 121,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLETIS R. O'QUINN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed July 31, 2020. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY, S.J. and BURGESS, S.J.

PER CURIAM: Cletis R. O'Quinn appeals the district court's summary denial of his K.S.A. 60-1507 motion. O'Quinn asserts there is newly discovered evidence in his case and maintains that the district court erred in finding that the motion, files, and records of his case conclusively showed that he was not entitled to any relief on his claims. Finding no error, we affirm the district court's judgment.

1

In September 1989, a man attacked G.M., who was working alone at a convenience store; he punched G.M., dragged her into a cooler in a back room of the store, removed some of her clothing, sat on top of her, touched her breast, masturbated, and cut her throat and leg. G.M. escaped, and she identified O'Quinn in a photographic lineup as the man who assaulted her.

In May 1990, G.M. testified at O'Quinn's trial, identifying him as the man who assaulted her, and a jury convicted him of aggravated kidnapping, aggravated battery, and aggravated sexual battery. The district court sentenced O'Quinn to life in prison for the aggravated kidnapping, 5 to 20 years in prison for the aggravated battery, and 3 to 10 years for the aggravated sexual battery, with the sentences to be served consecutively. O'Quinn filed a direct appeal and the Kansas Supreme Court affirmed his convictions and sentences. *State v. O'Quinn*, No. 65,442, unpublished opinion filed October 25, 1991, slip op. at 1 (Kan.). The clerk issued the mandate in O'Quinn's direct appeal on November 21, 1991.

O'Quinn later moved for relief under K.S.A. 60-1507, arguing ineffective assistance of trial counsel. After holding an evidentiary hearing, the district court denied the motion. O'Quinn appealed and in March 1994 a panel of this court affirmed the denial. *O'Quinn v. State*, No. 69,690, unpublished opinion filed March 18, 1994, slip op. at 1, 10 (Kan. App.).

In February 2000, O'Quinn sought DNA testing of the shirt G.M. had worn the night she was attacked. The testing ultimately could not eliminate O'Quinn as the source of spermatozoa found on G.M.'s shirt. More particularly, the testing report stated that "'it [was] unlikely that more than one human being has ever possessed th[e] particular genotype array'" reflected in that spermatozoa and concluded that O'Quinn's "'claims of

2

factual innocence in the sexual assault of [G.M.] are not supported by these findings.'" *O'Quinn v. State*, No. 86,113, 2004 WL 1683103, at *4 (Kan. App. 2004) (unpublished opinion).

By June 2015, O'Quinn was out on parole. Based on events that month, the State charged him with aggravated kidnapping, aggravated sexual battery, and aggravated battery of his girlfriend, P.S. At the March 2017 jury trial, G.M. testified under K.S.A. 60-455 about O'Quinn attacking her in 1989. The jury convicted O'Quinn on all charges, and the district court sentenced O'Quinn to 620 months in prison. O'Quinn filed a direct appeal from his convictions. This court affirmed his convictions on November 8, 2019, in *State v. O'Quinn*, No. 118,977, 2019 WL 5850291, at *1 (Kan. App. 2019) (unpublished opinion), and a mandate was issued on December 24, 2019.

In January 2018, while the direct appeal of his 2017 convictions was pending, O'Quinn filed in district court a second K.S.A. 60-1507 motion challenging his 1990 convictions. In the motion, which led to this appeal, O'Quinn alleged that G.M. testified at the 2017 trial that O'Quinn was not the person who attacked her in 1989 and that two other people had attacked her. Characterizing this as exculpatory evidence, O'Quinn asked the district court to vacate his 1990 convictions and sentences.

On May 3, 2019, the district court issued an order summarily denying O'Quinn's K.S.A. 60-1507 motion. After setting forth the relevant procedural history, the district court found that the court files and records in this case and the related criminal and civil cases conclusively showed that O'Quinn was not entitled to relief. The district court also noted that G.M.'s alleged "lack of recall" at the 2017 trial did not negate the identification she made at the 1990 trial, nor did it negate the discovery of O'Quinn's DNA on G.M.'s clothing. Thus, the district court found that no trier of fact could reasonably doubt that O'Quinn was present during the 1989 crimes. O'Quinn timely appealed.

3

ANALYSIS

On appeal, O'Quinn asserts that the district court erred when it summarily denied his K.S.A. 60-1507 motion. On the other hand, the State argues that the district court did not err in summarily denying O'Quinn's motion when the motion, files, and records of the case conclusively show that he is not entitled to relief.

A district court reviewing a 60-1507 motion has three options, depending on what the motion, files, and records of the case show: (1) if they "'conclusively show that the [movant] is entitled to no relief,'" the court should summarily deny the motion; (2) if they show a "substantial issue," the district court should order a full evidentiary hearing; and (3) if they show "'a potentially substantial issue or issues of fact,'" the district court should hold a preliminary hearing. *Stewart v. State*, 310 Kan. 39, 46-47, 444 P.3d 955 (2019) (quoting *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 [2000]). Here, the district court chose the first option, so we "'conduct[] de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" 310 Kan. at 52.

At first, we note that the district court addressed the merits of O'Quinn's motion without first considering whether it was timely or successive, despite O'Quinn's acknowledgment that the motion was untimely. Because K.S.A. 60-1507 has long set forth restrictions on courts' consideration of untimely and successive motions and because neither analysis requires fact-finding, we consider whether either of these procedural bars apply.

Since 2003, K.S.A. 60-1507(f) has required individuals to bring their K.S.A. 60-1507 motions within one year of (1) the termination of state appellate jurisdiction over a direct appeal or (2) the United States Supreme Court's denial of a petition for writ of certiorari. See K.S.A. 2019 Supp. 60-1507(f); *Noyce v. State*, 310 Kan. 394, 399, 447

4

P.3d 355 (2019). O'Quinn filed the present K.S.A. 60-1507 motion in 2018, more than 25 years after the final appellate order in his direct appeal. Thus, it was untimely.

K.S.A. 2019 Supp. 60-1507(f)(2) provides that the statutory time limit on filing motions "may be extended by the court only to prevent a manifest injustice," which the Kansas Supreme Court has defined to mean "'obviously unfair'" or "'shocking to the conscience.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019). As the person seeking an extension of the time limit, O'Quinn bore "the burden to establish manifest injustice by a preponderance of the evidence." See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Since July 1, 2016, courts considering a request to extend the statutory time limit for a K.S.A. 60-1507 motion are "'limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence.'" *Sherwood v. State*, 310 Kan. 93, 100, 444 P.3d 966 (2019); see *White*, 308 Kan. at 496, 502. In this context, "the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2019 Supp. 60-1507(f)(2)(A).

O'Quinn explained that he could not timely file this K.S.A. 60-1507 motion because the "newly discovered evidence"—G.M.'s alleged recantation—did not occur until the 2017 trial. But O'Quinn has not made a colorable claim of actual innocence. As the district court pointed out, G.M.'s alleged recantation does not affect or undermine the results of the DNA testing. With those results in evidence, O'Quinn cannot show that no reasonable juror would have convicted him even with the alleged newly discovered evidence. Because O'Quinn did not show by a preponderance of the evidence that extension of the time to file his motion was required to prevent a manifest injustice, K.S.A. 2019 Supp. 60-1507(f) bars his motion as untimely filed. Even though the district court did not consider timeliness, we affirm the summary dismissal nonetheless as right for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Similarly, K.S.A. 2019 Supp. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The Kansas Supreme Court recently reiterated that courts determining whether to entertain a successive K.S.A. 60-1507 motion should consider whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019). In this context, "'"[e]xceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion."'" *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019).

O'Quinn did not acknowledge the successive nature of his current K.S.A 60-1507 motion. In fact, he asserted that "[o]ther than the direct appeals listed above, Petitioner has not filed any more petitions or motions concerning this judgment." But in 1994, this court considered an appeal from the denial of O'Quinn's first K.S.A. 60-1507 motion challenging his 1990 convictions. Thus, O'Quinn bore the burden to present exceptional circumstances to justify reaching the merits of his second motion.

Although he did point out that he could not have raised this argument earlier because G.M.'s testimony did not occur until 2017, O'Quinn did not assert that the 2017 trial constituted an exceptional circumstance that, when considered with the interests of justice, justifies an exception to the bar against considering successive K.S.A. 60-1507 motions. And, as stated above, it was O'Quinn's responsibility to make that argument or risk his motion being summarily dismissed as successive. Thus, we also affirm the district court's dismissal of the current K.S.A. 60-1507 motion as right for the wrong reason because the motion is successive. See *Overman*, 301 Kan. at 712.

6

Finally, even disregarding the untimely and successive nature of O'Quinn's motion, we find that the district court did not err in summarily denying any claim for relief. Under K.S.A. 60-1507, the district court could vacate O'Quinn's 1990 convictions

> "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2019 Supp. 60-1507(b).

But O'Quinn did not and does not argue any of these grounds for relief. Rather, he contends—before us and before the district court—only that there is new evidence that undermines G.M.'s earlier identification of him as her assailant. A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis to support the claims or an evidentiary basis must appear in the record. See *Sullivan v. State*, 222 Kan. 222, 223, 564 P.2d 455 (1977).

As the State argues in its brief, O'Quinn did not provide the district court with the transcript of G.M.'s testimony in the 2017 trial even though he would have had access to the transcript because he was appealing his convictions from that trial. Without a transcript of G.M.'s 2017 testimony, there was no evidentiary basis to support O'Quinn's conclusory allegation that G.M. recanted her testimony or otherwise failed to identify O'Quinn as the person who attacked and sexually assaulted her in 1989. And even if O'Quinn's allegation is taken as true, as the district court found, G.M.'s alleged lack of recall does not negate the confirmation that O'Quinn's DNA was on G.M.'s shirt and that "it [was] unlikely that more than one human being has ever possessed th[e] particular genotype array" reflected in the spermatozoa. *O'Quinn*, 2004 WL 1683103, at *4. In denying O'Quinn's K.S.A. 60-1507 motion, the district court reasoned:

"Mr. O'Quinn asserts in his petition that the witness 27 years after the original incident was unable to identify him as the individual who committed that crime and could not recall the circumstances of that crime. Mr. O'Quinn describes this lack of recall as exculpatory evidence.

. . . .

". . . The lack of recall, alleged by Mr. O'Quinn, by the witness does not negate the eyewitness identification that occurred in the 1990 jury trial. It does not negate the DNA confirmation that Mr. O'Quinn's genetic material stained the clothing of the victim of that crime. That DNA evidence conclusively demonstrates that no trier of fact could find that there is a reasonable doubt as to Mr. O'Quinn's presence during the crime. The request for relief based upon exculpatory evidence is denied."

We agree with the district court's reasoning. O'Quinn's conclusory allegation that G.M. recanted her testimony does not negate the fact that G.M. positively identified O'Quinn as her attacker at the convenience store and that the DNA evidence conclusively showed that O'Quinn was the man who attacked and sexually assaulted G.M. in 1989. We are satisfied that O'Quinn's K.S.A. 60-1507 motion, files, and records of the case conclusively show that he is not entitled to any relief, and so the district court did not err in summarily denying the motion.

Affirmed.