NOT DESIGNATED FOR PUBLICATION

No. 121,550

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEITH A. RITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 7, 2020.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: To receive an evidentiary hearing on their motions for habeas corpus relief under K.S.A. 60-1507, prisoners must make more than conclusory contentions. The movants must state what evidence supports their claims or show the basis for their claims in the record. Keith A. Ritz contends that because he introduced a "new fact" in his motion, he was entitled to an evidentiary hearing. Because the record on appeal shows that Ritz misconstrues the facts, we hold the district court correctly dismissed his motion without holding an evidentiary hearing. We affirm.

1

Ritz is serving his sentence for first-degree murder, fleeing or attempting to elude the police, and theft. Ritz appealed these convictions to the Kansas Supreme Court, which affirmed his convictions. *State v. Ritz*, 305 Kan. 956, 389 P.3d 969 (2017).

After that, Ritz, through his sister as a power of attorney, timely filed a motion for habeas corpus relief under K.S.A. 60-1507. He raised four grounds for relief:

(1) his due process rights were violated, which caused prejudice in all proceedings and resulted in an unfair jury trial;

(2) the district court erred on the joinder and motion to sever;

(3) he was afforded ineffective assistance of counsel; and

(4) review for error.

The ineffective assistance of counsel claim included seven factual allegations including:

- failing to investigate to build a defense;
- failing to maintain adequate communication with Ritz;
- representing interests that conflicted with Ritz;
- withdrawing statements by an expert witness;
- failing to present evidence at trial that undermined the overall outcome;
- failing to present a defense at trial; and
- his lawyer withdrew the statements of Dr. Mark Goodman, a defense witness.

The record reveals that the defense planned to make a lack-of-mental-state defense and hired Dr. Goodman, a psychologist, to conduct an evaluation to support this defense.

The State sought to exclude Dr. Goodman's testimony as unhelpful to the jury because it was built on a faulty understanding of the applicable law.

At a pretrial hearing, defense counsel stated that while Dr. Goodman's original report asserted that Ritz did not have the proper mental state to commit the crime, Dr. Goodman had changed his mind. After doing more research on the mental state required, Dr. Goodman told counsel that he would have to testify that "Ritz did know what he was doing." Upon learning this, counsel decided not to use Dr. Goodman as an expert witness, and the district court determined that the State's motion to limit the testimony was moot because the mental-defect defense was withdrawn.

After it reviewed the record, the district court decided that the petition, files, and record of the case conclusively showed that Ritz was entitled to no relief and summarily denied the motion. Ritz timely appeals, claiming that the district court erred in summarily denying his motion because he introduced a new fact not in the record that, if true, would support a claim of relief. The State disagrees, arguing that the record conclusively shows that Ritz is not entitled to relief because he made "generalized, sweeping statements" and merely cited caselaw without connecting it to the facts.

*The rules that govern us.*

While Ritz' motion had four grounds for relief, he has winnowed them down to one:  whether the district court erred when it summarily denied his motion on the ground of ineffective assistance of counsel. We hold the other claims are abandoned. See *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018).

When a district court summarily denies a habeas motion, this court reviews that decision de novo. See *State v. Atteberry*, 44 Kan. App. 2d 478, 484-85, 239 P.3d 857 (2010).

3

*Dr. Goodman's testimony would not have helped the defense.*

An evidentiary hearing must be granted if the movant alleges a fact that, if true, would support a claim for relief. *Sullivan v. State*, 222 Kan. 222, 223-24, 564 P.2d 455 (1977). This claim by Ritz contradicts the record.

In his motion, Ritz claims his lawyer did not consult with him before withdrawing Dr. Goodman's statements. But Ritz was in the courtroom when his lawyer explained why he was not going to call Dr. Goodman. There was no objection by Ritz at that time. And his lawyer advised the court that they had discussed this matter. Again, there was no contrary statement offered by Ritz at that time.

But in looking deeper into the issue, this is not ineffective assistance rendered by this defense counsel. We start with some fundamental caselaw.

The cases require that to obtain relief, a convicted defendant alleging ineffective assistance of counsel must satisfy the two-part *Strickland* test. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). First, the movant must show that his or her counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution. Second, the movant must show that without the deficient performance, a jury would have reached a different result. 309 Kan. at 483. In all of these determinations, judicial scrutiny of counsel's performance must be highly deferential. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). We will look at the first part of the two-part *Strickland* test.

The Sixth Amendment to the United States Constitution ensures that a defendant is the "master of his own defense" and that assistance of counsel is just that—assistance. *Faretta v. California*, 422 U.S. 806, 819-820, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

4

This means that some decisions are reserved for the client—like whether to plead guilty, waive one's jury trial right, or testify in one's own defense. *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018). But even though the defendant is master of his own defense, counsel decides how to go about presenting that defense, including which witnesses to call. This is why deliberate decisions based on strategy and made after a thorough investigation of law and facts are virtually unchallengeable. See *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013). What witnesses to call and other tactical decisions are the exclusive province of the lawyer "after consultation with his client." 296 Kan. at 445 (relying on *Winter v. State*, 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 [1972]).

When we apply these lessons here, counsel's decision to not call Dr. Goodman was not a decision reserved for Ritz. Instead, deciding which witnesses to call is a tactical decision, and thus within the lawyer's discretion. Nor does Ritz claim that his lawyer's decision did not result from trial strategy. We move now to the second part of the *Strickland* test.

To meet the second part of the *Strickland* test, Ritz must show that the improper performance of counsel prejudiced his defense, to the point that it deprived him of a fair trial. See *Salary*, 309 Kan. at 483.

Ritz does not dispute the probable content of Dr. Goodman's testimony. Based on the record, had Ritz called Dr. Goodman to the stand, he would have testified that Ritz had the requisite mental state to commit the crimes charged against him. This would prove an element of the State's case. As the State points out on appeal, not calling Dr. Goodman was effective assistance of counsel. Even if it is true that counsel did not consult with Ritz before deciding not to call Dr. Goodman, his performance was not so deficient that it prejudiced Ritz and deprived him of a fair trial.

Ritz tries to equate his lawyer's claimed failure to consult with him before withdrawing Dr. Goodman as a witness with failing to present a defense. See *United States v. Diaz*, 802 F. Supp. 304, 310 (C.D. Cal. 1992). In *Diaz*, the Court found that presenting no defense was a "slow plea" of guilty. Using this reasoning, Ritz argues that not calling Dr. Goodman was in effect making no defense. But Ritz fails to allege any facts that he was denied the ability to have a defense.

Instead, a fair reading of the trial record reveals that the reason counsel did not present a defense was because the State's witnesses had already introduced favorable evidence for his client. After the State rested, defense counsel stated on the record that he had spoken with Ritz outside court, advised Ritz not to testify, and that Ritz had agreed to that plan. With no facts alleged in the motion to refute this record, there is no bridge between failure to present a defense and ineffective assistance of counsel.

When we look at this motion and the record, and keep in mind that judicial scrutiny of an attorney's performance should be deferential, Ritz is entitled to no relief. Even if counsel did not consult with Ritz before deciding not to call Dr. Goodman, that fact alone would not be enough to support a claim of ineffective assistance of counsel. Not calling Dr. Goodman did not prejudice Ritz.

Because Ritz did not allege a fact that, if true, would provide relief, the district court was right to deny Ritz' motion without an evidentiary hearing.

Affirmed.

6