NOT DESIGNATED FOR PUBLICATION

No. 125,498

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CECIL MEGGERSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Submitted without oral argument. Opinion filed January 12, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Nicholas Campbell*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

PER CURIAM: Cecil Meggerson, an inmate, filed a K.S.A. 60-1507 motion raising approximately 20 claims. The district court summarily dismissed all his claims because the claims were raised, or could have been raised, in his direct appeal, and because the claims were unsupported on their merits. On appeal, Meggerson argues the district court erred because one of his claims entitled him to an evidentiary hearing, and he abandons the remaining claims raised in his K.S.A. 60-1507 motion. On our review of the record, we determine the district court did not err in denying Meggerson's request for an

1

evidentiary hearing, and ultimately summarily dismissing his motion, because the motion, files, and record conclusively show Meggerson is not entitled to relief.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury convicted Meggerson of one count of attempted capital murder of a law enforcement officer, three counts of aggravated robbery, two counts of aggravated battery, two counts of criminal possession of a weapon by a convicted felon, and conspiracy to commit aggravated robbery. His convictions stemmed from a string of violent robberies occurring in March 2015, details of which are laid out in *State v. Meggerson*, 312 Kan. 238, 239-46, 474 P.3d 761 (2020). The district court sentenced Meggerson to a hard 25 life sentence plus an additional 449 months in prison.

On direct appeal to the Kansas Supreme Court, Meggerson challenged the sufficiency of the evidence against him and argued the district court erred in admitting certain evidence. The Kansas Supreme Court affirmed Meggerson's convictions. 312 Kan. at 258. The court also affirmed the convictions of Meggerson's codefendants. See *State v. Bowser*, 312 Kan. 289, 474 P.3d 744 (2020); *State v. King*, 308 Kan. 16, 417 P.3d 1073 (2018). The Kansas Supreme Court issued the mandate in Meggerson's case on November 24, 2020.

On September 23, 2021, Meggerson timely filed a K.S.A. 60-1507 motion, raising approximately 20 issues. The State responded to each claim and argued all were either unsupported or procedurally improper.

The district court summarily dismissed all of Meggerson's claims. In its order, the district court dismissed most issues because they were either raised, or could have been raised, in his direct appeal to the Kansas Supreme Court. At the same time, the district court simultaneously dismissed most of those same arguments on their merits. The

2

district court was likewise unpersuaded by the merits of Meggerson's remaining arguments.

DID THE DISTRICT COURT ERR IN SUMMARILY
DISMISSING MEGGERSON'S K.S.A. 60-1507 MOTION?

On appeal, Meggerson argues the district court erred by summarily denying his K.S.A. 60-1507 motion without first holding an evidentiary hearing. But the substance of his argument focuses solely on an ineffective assistance of counsel claim based on the district court's denial of his motion to suppress evidence. Meggerson argues on appeal: "Of all of [his] claims, the one most entitled to further consideration by the district court related to the wrongful admission into evidence of items found in [his codefendant's] home, following the denial of a motion to suppress . . . ." Meggerson's original K.S.A. 60-1507 motion presented two claims related to the motion to suppress. First, he argued the district court admitted evidence during the jury trial that it had previously suppressed. And second, he argued the trial court failed to rule on Meggerson's motion to suppress and that same evidence was admitted at trial.

Because he now presents such a narrow argument on appeal, Meggerson has abandoned the approximately 18 remaining claims raised in his motion but not argued on appeal. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) ("Issues not briefed are deemed waived or abandoned."). We address only the arguments Meggerson now raises.

*Applicable Legal Principles*

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may

3

determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

The standard of review depends upon which of these options a district court used. 311 Kan. at 578.

When, as here, the district court summarily denies the motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. K.S.A. 2022 Supp. 60-1507(b); *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

When seeking an evidentiary hearing on a K.S.A. 60-1507 motion, the movant "has the burden to prove his or her . . . motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). To state an evidentiary basis, the movant is merely required to "'set forth a factual background, names of witnesses or other sources of evidence to demonstrate that [movant] is entitled to relief.'" 284 Kan. at 938 (quoting *Sullivan v. State*, 222 Kan. 222, 223-24, 564 P.2d 455 [1977]).

*Meggerson's Claims Are Either Conclusory or Unsupported by the Record*

Meggerson begins his arguments by contending the district court was "obligated to liberally construe [his] pro se [motion]," yet the district court held him "to a much higher standard, requiring him to meet the appropriate burden of proof in his motion," which would negate the need for either appointed counsel or an evidentiary hearing. Meggerson

contends his initial motion "could have provided more detail," but the motion "did not include so much that the insufficiency of his complaint was revealed on its face either." Put simply, he argues this court should liberally construe his motion to find he met his burden of alleging a substantial issue of fact.

Meggerson's argument is not persuasive. Our Supreme Court has held:

"Both the district court and this court liberally construe pro se pleadings. Nevertheless, a pro se movant still bears the burden to allege facts sufficient to warrant a hearing on the motion, and 'mere conclusion of the defendant or movant are not sufficient or raise a substantial issue of fact when no factual basis is alleged or appears from the record.' [Citations omitted.]" *Mundy v. State*, 307 Kan 280, 304, 408 P.3d 965 (2018).

Relying on this standard, the *Mundy* court found the movant's pleadings did not warrant an evidentiary hearing because "Mundy offer[ed] only conclusory statements and incomplete facts; she present[ed] no evidentiary basis in support of her claims, and no such basis appear[ed] in the record." 307 Kan. at 304. The *Mundy* court went on to find that even if Mundy's motion was liberally construed, she did not show she was entitled to an evidentiary hearing because her claims were "more than 'inartfully pleaded,' . . . and are simply conclusory." 307 Kan. at 304 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 [1972]).

Like *Mundy*, Meggerson's claims are conclusory statements without evidentiary support or contrary to the record. In his first claim, he argued: "Meggerson seeks a new trial; because he had a joint trial and evidence that was suppressed by this court that was found in the home of codefendant King; that suppressed evidence was used in the jury trial of Meggerson and King." And in his second claim, he argued:

"Defendant[']s motion for suppression of evidence that was found in the home o[f] [codefendant]; that motion was never (heard) by this court; the same attorney that

5

filed the motion to suppress for [codefendant], is the same attorney that filed that same motion for [M]eggerson. [T]his court never ruled on that motion filed by the same attorney, before the trial; a clear procedure due process violation. [C]ourt failed to rule on (exculpatory) suppressed evidence before trial. [T]hat evidence was presented; that was suppressed before trial; yet it was allowed by the court; because this court failed to make a ruling on the motion filed before trial."

Contrary to his assertions, the record shows the district court denied Meggerson's motion to suppress prior to trial. And in addition to the district court's denial, the record also shows Meggerson was aware the evidence was suppressed. The district court denied Meggerson's motion to suppress on January 15, 2016. Meggerson was present at the hearing when the district court announced its denial. Meggerson was also present when his defense counsel lodged a continuous objection to the evidence at trial based on the motion to suppress. And Meggerson was present when his defense counsel filed another motion to suppress during trial, which the district court denied after a hearing.

Thus, even a liberal construction of Meggerson's motion shows he did not meet his burden to allege facts sufficient to warrant a hearing on these claims because the allegations were merely conclusory, and no factual basis to support the claims appears from the record. See *Mundy*, 307 Kan. at 304.

But even assuming Meggerson properly made these claims, the motion shows he is not entitled to relief because he makes no argument supporting his assertion that his trial counsel was ineffective. At the beginning of his argument on appeal, Meggerson starts by reciting the standards for finding ineffective assistance of counsel. He goes on to recount much of the underlying facts, argues this court should liberally construe his motion related to those facts, and then provides a lengthy argument contending his motion to suppress was improperly denied. After asserting his right to privacy as a social guest, Meggerson concludes he was "misled" by the district court's ruling on the motion to suppress and the court should have found this fact warranted a "preliminary hearing

6

after appointment of counsel to determine whether in fact the issues in the motion are substantial."

Claims of ineffective assistance of trial counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Kansas Supreme Court in *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). Under the first prong, the defendant must show that defense counsel's performance was deficient. To demonstrate deficient performance, "'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021) (quoting *Strickland*, 466 U.S. at 688). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

If successful, the court moves to the second prong and determines whether defense counsel's deficient performance was prejudicial. To establish prejudice, the defendant must show with reasonable probability that the deficient performance affected the outcome of the proceedings, based on the totality of the evidence. A court hearing a claim of ineffective assistance of counsel must consider the totality of the evidence before the judge or jury. *Khalil-Alsalaami*, 313 Kan. at 486.

Meggerson makes no attempt to argue his trial counsel's performance was deficient or prejudicial. Meggerson does not point to any specific errors by his defense counsel, nor does he contend his trial counsel was ineffective based on the motion to suppress. He seems to solely argue the district court erred in denying his motion to suppress. But this is not a ground for finding his trial counsel provided a deficient performance. And any argument to that effect would not be persuasive given his trial counsel filed two motions to suppress and objected to the admission of this evidence at

trial. As a result, Meggerson has not shown the performance of his trial counsel was deficient under the totality of the circumstances. See *Khalil-Alsalaami*, 313 Kan. at 485.

In this vein, Meggerson also did not show he was prejudiced by his trial counsel's representation because he makes no attempt to argue his trial counsel's performance affected the outcome of his criminal proceedings. Despite acknowledging the standards for establishing ineffective assistance of counsel, Meggerson makes no attempt to apply the standards to the facts of his case. Meggerson cannot establish he was prejudiced by his trial counsel if he does not argue the outcome of his trial would have been different but for his trial counsel's deficient performance. In fact, Meggerson does not argue any aspect of his trial counsel's performance was deficient, and he does not argue the outcome of his trial would have been different, therefore he has not established any basis to support his claim that his trial counsel provided ineffective representation.

One more issue deserves mention. In two places in his appellant's brief, Meggerson appears to raise a new issue not included in his original motion—that his direct appellate counsel should have raised the improper denial of his motion to suppress on direct appeal. He essentially admits that his original K.S.A. 60-1507 motion did not contain this claim but contends had the district court held an evidentiary hearing on the motion, he could have amended it to "properly state a claim against direct appeal counsel." Meggerson contends that "after all, at the time he filed his [K.S.A. 60-1507] motion, [he] had 313 days remaining before the applicable statute of limitation expired." But his argument on this new issue also fails.

Preliminarily, Meggerson did not make this claim in his K.S.A. 60-1507 motion or make this argument below, so the argument is not preserved for appellate review. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). And as the party making this claim, Meggerson has the burden to designate a record sufficient to support his points and properly brief the issue. See *State v. Liles*, 313 Kan. 772, 783-84, 490 P.3d 1206 (2021);

8

Supreme Court Rule 6.02(a)(4), (a)(5) (2023 Kan. S. Ct. R. at 36). By incidentally mentioning this point in his brief, but not fully arguing his claim, Meggerson has waived or abandoned this claim. *Meggerson*, 312 Kan. at 246.

Meggerson also fails to designate a record to support his belated claim. First, Meggerson filed his K.S.A. 60-1507 motion on September 23, 2021—303 days after the Kansas Supreme Court's mandate issued on his direct appeal on November 24, 2020. His motion was timely filed within one year of the Supreme Court mandate, as required by K.S.A. 2022 Supp. 60-1507(f); however, it is unclear why his appellate brief contends he had 313 days remaining to file additional claims when 303 of his 365 days had already elapsed. Regardless, we cannot say whether the district court would have permitted such an amendment to the K.S.A. 60-1507 motion under K.S.A. 2022 Supp. 60-215(a). And, even if an amendment to the K.S.A. 60-1507 motion had been permitted, the timeliness of the amended claim would have been subject to the *State v. Pabst*, 287 Kan. 1, Syl. ¶ 7, 192 P.3d 630 (2008), time and type test found in K.S.A. 2022 Supp. 60-215(c); that is, "relation back [to the original motion] is permitted only if the new claims arose 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Thompson v. State*, 293 Kan. 704, 714, 270 P.3d 1089 (2011).

This argument—that the district court denied Meggerson the opportunity to amend his claim by summarily dismissing his motion—suffers from similar defects as his other claims. Meggerson does not argue he actually filed a motion to amend his claim before the district court, which he was free to do regardless of whether a hearing was held, but a review of the record demonstrates Meggerson did not do so. Moreover, Meggerson does not so much as even state the rules applicable to a request for amendment, let alone apply such standards to his claim. And Meggerson again makes no attempt to apply the *Strickland* standards to his direct appellate counsel's representation, aside from stating that counsel failed to raise the suppression issue on direct appeal and makes no argument regarding prejudice that may have resulted. Meggerson's conclusory statements, without

9

more, do not meet his burden to show that an evidentiary hearing on the K.S.A. 60-1507 motion or his appellate counsel's raising of the suppression issue on appeal would have resulted in a different outcome.

CONCLUSION

De novo review of the motion, files, and records of this case conclusively establish Meggerson is not entitled to relief. K.S.A. 2022 Supp. 60-1507(b); *Beauclair*, 308 Kan. at 293. The record shows the district court denied his motion to suppress at trial, and there is no evidence to support his contention that he was "misled" by the district court's findings on his motion to suppress. Similarly, Meggerson's claim on appeal is not supported by the record or the law because he made no attempts to show his trial counsel was ineffective, and any argument to the contrary would be unsupported by the record. Finally, Meggerson's claim against direct appellate counsel is unpreserved. And, he provides no facts to show he attempted to raise the issue of amendment of his claims before the district court, the record reveals none, and he makes no arguments of prejudice related to his direct appellate counsel's performance. For these reasons, the district court did not err in summarily dismissing Meggerson's K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.